*GOTTSCHALK v. CREDITORS.*

---

## P. F. Nouvet, Syndic, *v.* Heirs of J. B. Armant.

When the defendant in a petitory action has called in his warrantor with whom issue is joined, the plaintiff cannot appeal from a judgment against him without making the warrantor a party to the appeal. If there be no appeal bond given in favor of the warrantor the appeal will be dismissed. If the appeal bond was insufficient at the time the appeal was brought up, the defect cannot be subsequently cured by the substitution of another bond.

APPEAL from the District court of the parish of St. James, *Ratliff*, J., pre-siding. *Collins*, for plaintiff and appellant. *Berault & Legendre*, for defendant.

VOORHIES, J. The defendants and appellees claim the dismissal of the appeal in this case, on the ground that no appeal bond has been given in favor of the defendants' warrantors by the plaintiff and appellant, and that said warrantors have not been made parties to the appeal.

This is a petitory action brought by the plaintiff for the recovery of a female slave and her child, in which the appellees' vendors were called in warranty, and joined issue in the case. A devolutive appeal from the judgment rendered in favor of the defendants against the plaintiff was granted, generally, on the motion of the latter, returnable to this court, according to law. The appeal bond, executed and filed by the plaintiff on the 24th of November, 1856, is in favor of the *Heirs of J. B. Armant* alone. Appeals from the parish of St. James are returnable, under the Statute, on the fourth Monday of January. The transcript in this case was filed on the 6th of January, and the motion to dismiss on the 19th of January. The next day after the return day, on the argument of the motion to dismiss, the appellant tendered a new bond, executed

NOUVET
v.
ARMANT.

in favor of the defendants and warrantors, and also applied for a writ of *certiorari*, in order to complete the record by inserting the new bond in it.

We are of opinion that the motion to dismiss the appeal is well taken. It is well settled, that all the parties having an interest in maintaining the judgment, sought to be reversed or amended, should be made parties to the appeal. The warrantors in this case clearly have such an interest. It was, therefore, essential to give a bond in their favor. See the case of *Hewson* v. *Creswell*, 10 An. 232, and the authorities there quoted.

But it is insisted by the appellant that he is entitled to relief at our hands, inasmuch, as he has made an application within three days after the return day to be permitted to supply the requisite bond. The case of *Bouligny* v. *M. White & Co.*, 5 An. 31, on which he relies, does not, in our opinion, authorize us to grant him the relief which he asks. As the record was complete when filed in this court, it is clear, therefore, that there is no ground to authorize the issuing of the writ of certiorari. The only inquiry which can be made in this case is, whether the bond was, at the time the appeal was taken, such a bond as the law required. If the bond was insufficient at the time the appeal was brought up, the defect cannot be cured by the substitution of another bond. 10 An. 155; 6 L. 586.

It is, therefore, ordered that the appeal be dismissed at the appellants' costs.