## Farmers and Mechanics' Bank of Michigan v. City of Detroit and others.

*Ratification by United States of deed by Governor and Judges.* — Where the Governor and Judges of the territory of Michigan deeded a lot in Detroit, in 1816, in exchange for a conveyance by the grantee of another lot to the United States, and the United States took possession of the last mentioned lot, and occupied it for fourteen years and more, it was held that this ratified and made valid the deed by the Governor and Judges even if originally invalid.

*Correction of deed: failure of consideration.* — A mistake in description occurred in a deed given on behalf of the United States, in the city of Detroit, in exchange for other lands. The city was afterwards, by act of Congress, made the donee of the undisposed of lands on the city plan. To a bill filed against the city to correct the mistake, it is not a valid defense that the title to the land conveyed to the United States in exchange subsequently failed.

*Bona fide purchaser.* — Nor can the city, as donee of the United States, nor persons who took a conveyance from the city with notice, claim the protection of a bona fide purchaser against such correction.

*Laches in applying for correction of mistake.* — A mistake occurred in the description of lands in a deed given in 1816. The grantee took possession of the land intended to be conveyed, and he and his grantees retained it until 1848, when one who had succeeded to the rights of the grantor went into possession. Bill was filed in 1851 to correct the mistake. Held, that the remedy was not lost by laches.

FARMERS AND MECHANICS' BANK *v.* CITY OF DETROIT.

*Bill to correct mistake: parties.* — Where the title of the grantee in such deed has been acquired by complainant without warranty, such grantee is not a necessary party to a bill to correct the mistake.

*Heard May 5th. Decided July 15th.*

Appeal in chancery from Wayne Circuit.

The bill was filed in 1851, to correct a mistake alleged to have occurred in a deed bearing date December 31, 1816, given by the Governor and Judges of the territory of Michigan to Benjamin Woodworth. The mistake consisted in describing therein, as the premises granted, a lot which had before been conveyed by the Governor and Judges, instead of adjoining premises, which it was understood and agreed should be granted by it.

This deed was given to Woodworth in exchange for a conveyance by him of lot 49 on the old plan of Detroit. The United States went into possession of lot 49, and Woodworth also took possession of the lot in controversy. Complainants' title to this lot was acquired through the foreclosure of a mortgage given by Woodworth in 1838. John Long and Seneca McGregory were made defendants to the bill, and it was alleged that, in 1851, the Mayor, Recorder and Aldermen of the city of Detroit, claiming to act under the authority of an act of Congress entitled "An act supplementary to an act to provide for the adjustment of title to land in the town of Detroit and territory of Michigan, and for other purposes," approved August 29, 1842, executed a deed of said premises to the Mayor, Recorder, Aldermen and Freemen of the city of Detroit, who soon after conveyed to Long & McGregory, all parties being fully informed of complainants' rights.

The Court below made decree for complainants as prayed.

*W. Gray,* for complainants.

*T. H. Hartwell, City Attorney* and *L. Bishop,* for defendants, made the following points:

That Woodworth was the proper person to contest the questions involved in this suit, and should have been

made a party. *Story Eq. Pl.* §§ 72–78; *Daily v. Litch-field*, 10 *Mich.* 29.

That to maintain the bill complainants must show that Woodworth performed the contract for exchange on his part. This suit is really a suit for specific performance. There is no sufficient evidence he ever gave a deed; and it is proved that an adverse claimant recovered the lot in 1842.

The Governor and Judges had no power to convey to Woodworth. He was not a sufferer by the fire of 1805. The act of April 21, 1806 — 2 *Stat. at Large*, 398 — conferred no power to make such exchange, and no other act is referred to giving it.

Defendants are bona fide purchasers without notice. There was no title of record adverse to that of the government when the land was conveyed to the corporate authorities of Detroit, and by them to Long & McGregory.

The parties alleging the mistake have been guilty of such laches as should preclude the relief sought: — *Story Eq. Juris.* § 1521 *a*; 1 *Paige*, 100; 8 *Pet.* 420; 3 *G. & J.* 491; 1 *Edw. Ch.* 343; 3 *Edw. Ch.* 304; 1 *Bail. Ch.* 458; 4 *J. J. Marsh.* 610; 5 *Ala.* 90; 8 *Port.* 211. They were also guilty of inexcusable negligence and carelessness in taking this alleged title, and delaying to assert their rights; and in such cases equity will grant no relief: *Story Eq. Juris.* §§ 105, 146, 150, 151; 5 *Humph.* 529; 3 *Ala.* 352; 1 *B. Monr.* 177.

MANNING J.:

The mistake in the deed from the Governor and Judges of the territory of Michigan to Benjamin Woodworth, of the 31st of December, 1816, is clearly established by the evidence; and the decree of the Circuit Court must be affirmed, unless some one of the objections insisted on by defendants stands in the way, and is an insurmountable

obstacle to giving the relief asked by the bill. These objections may be stated as follows: 1st. Want of power in the Governor and Judges to convey the premises in dispute: 2d. That Woodworth never deeded to the United States lot 49, which he was to convey to the government in exchange for the premises in dispute: 3d. If there was such a deed, that Woodworth's title to lot 49 afterwards failed, and the premises were recovered in an action of ejectment on a prior title: 4th. That defendants are bona fide purchasers: 5th. Laches on the part of complainants in not filing their bill at an earlier day: 6th. That Woodworth should have been made a party.

If we should concede the first objection — which we do not — that the Governor and Judges had no power, under the act of 21st of April, 1806, to sell or exchange the premises in dispute, the government ratified the act of the Governor and Judges by taking possession of lot 49 and the buildings erected thereon by Woodworth, and continuing to occupy the same for fourteen years and more — how much longer does not appear.

The evidence proves a conveyance of lot 49 by Woodworth to the government.

Admitting the failure of Woodworth's title to lot 49 ultimately, it is no defense in the present suit. The government is not a party in this litigation, and the city of Detroit is not a purchaser of the premises in dispute. In consequence of the mistake the legal title passed to the city under the supplementary act of Congress of 29th August, 1842, making the city the donee of all public lands mentioned in the original act, that had not been disposed of, except the lots on which the court house and jail had been erected, after satisfying all claims under the original act, &c.

The defense of bona fide purchaser is not set up in the answer. The city, as we have stated, is not a purchaser but a donee; and the answer admits that Long

& McGregory knew of complainants' claim when they purchased of the city.

There was no laches on the part of complainants. Woodworth and those claiming under him were in possession until 1848, when the city took possession, and the bill was filed in 1851.

Woodworth is not a necessary party. Had the mortgage through which complainants claim Woodworth's interest in [the premises contained a warranty, which it does not, the objection would probably have been a good one had it been taken in season, as such warranty would have given him an interest in the suit.

The decree of the Court below must be affirmed, with costs.

CHRISTIANCY and CAMPBELL JJ. concurred.

MARTIN CH. J. did not sit in this case.