MARY A. HOLBROOK *vs.* JOHN W. HOLBROOK & wife.

At the trial of a writ of entry under Gen. Sts. *c.* 103, § 48, against husband and wife, to establish the title of a creditor of the husband to land alleged to have been paid for by the husband, while the record title was conveyed to the wife with intent to defraud his creditors, declarations of the husband, made after the conveyance, are inadmissible to prove the fraud.

WRIT OF ENTRY to recover possession of land the record title to which was in the defendant wife, and upon which the plaintiff

had levied an execution against the defendant husband under Gen. Sts. c. 103, § 1.

At the trial in the Superior Court before *Dewey*, J., it appeared that at December term, 1871, of that court, Amos A. Holbrook and his wife Mary A. Holbrook, the present plaintiff, recovered judgment in an action of tort against John W. Holbrook for the sum of $600 and costs ; that on the execution thereupon issued, the land described in the writ was seized as the land of John W. Holbrook ; that the equity of redemption was sold to Mary A. Holbrook, the plaintiff ; that the record title to the premises never was in the name of John W. Holbrook ; that they were conveyed to Emily E. Holbrook, his wife, by one Taylor, April 1, 1871, during the pendency of the action on which the judgment was rendered; that the consideration of the conveyance was an assignment by the wife and Mary E. Eames, her sister, to Taylor of $800 deposited in the Milford Savings Bank, and standing to their joint credit at the date of the conveyance, and a note of the wife to Taylor for the balance of the purchase money, secured by a mortgage from her on the premises.

Evidence was introduced tending to show that the wife borrowed $500 from her sister and gave her a note therefor April 1, and that the sister and the wife had been for several years prior to April 1 in possession of money and promissory notes not received from the husband to the amount of $800.

It further appeared that the husband at a time subsequent to the bringing of the action against him had as much as $800 in money.

The plaintiff contended, and introduced evidence to show, that this money of the husband was the consideration paid for the premises, and that it was paid by him, and the conveyance made to his wife to defeat, delay and defraud his creditors, and to defeat and delay the satisfaction of the judgment that might be recovered against him in the suit then pending, and among other evidence to prove this, offered to show the statements and declarations of the husband as to the disposition made of this money. This evidence was offered upon the issue of fraud for the purpose of impeaching the title of the wife. The court

admitted evidence of the declarations of the husband made before the conveyance to the wife, but ruled that his declarations made after the conveyance were not admissible for that purpose.

The jury returned a verdict for the defendants and the plaintiff alleged exceptions.

*H. L. Parker*, (*T. G. Kent* with him,) for the plaintiff.

*H. B. Staples & F. P. Goulding*, for the defendants, were not called upon.

AMES, J.   It has often been held, and is a well established rule, that upon the trial of the question whether a particular conveyance was made to defraud creditors, it is not competent to show the acts or declarations of the grantor after the conveyance, to impair or affect the title of the grantee.   *Bridge* v. *Eggleston*, 14 Mass. 245.   *Foster* v. *Hall*, 12 Pick. 89.   *Aldrich* v. *Earle*, 13 Gray, 578.   *Taylor* v. *Robinson*, 2 Allen, 562.   It is true that the alleged fraud in this case did not take the form of a deed from the person who is charged with the intent to defeat, delay or defraud his creditors.   The claim on the part of the demandant is that although the conveyance was to the wife of the debtor, it was really paid for by him and not by her, and that the conveyance was put in that form in fraud of his creditors.   But we do not think that this varies the case or takes it out of the rule above mentioned.   It is still a question of fraudulent conveyance alleged to have been made on his account and in his interest, to the prejudice of his creditors.   Gen. Stat. *c.* 103, § 1.   The reasons for admitting evidence of his conduct and declarations before the conveyance, and excluding all after that point of time, are the same in the one mode of carrying out the alleged fraud, as in the other.   It follows that the court was right in the limitation imposed on the evidence.   As the defence proceeded on the ground that the title was in the wife, it is immaterial that the husband was impleaded with her.   *Aldrich* v. *Earle*, 13 Gray, 578.                                *Exceptions overruled.*