# Jones *v.* Wilson, Adm'r.

*Bill in Equity by Creditor to have Deed to Lands declared Fraudulent and Void.*

1. *Fraudulent deed; when it will not uphold claim of adverse possession.* Where a debtor executed a deed to lands for the purpose of placing the title beyond the reach of his creditors, and of creating a secret trust for his own benefit, he continuing in fact the real owner, and enjoying the use, products and profits of the estate, and the grantee never having been in possession of, and never having exercised or claimed any dominion or ownership over, the lands conveyed, the grantee is not, under such deed, clothed with any ownership or asserted right, which will uphold a claim of adverse possession against a creditor of the grantor, seeking to subject the lands conveyed by the deed to the payment of his debt.

2. *Fraudulent conveyance; when sub-purchaser thereunder a necessary*

[Jones v. Wilson, Adm'r.]

*party to bill filed by creditor to condemn lands conveyed thereby.*—A creditor seeking to have set aside as fraudulent and void a deed to lands executed by the debtor, and to have the lands sold for the payment of his debt, can not condemn and have sold a part of the lands, which a third party had purchased from the parties to the deed, and of which he had taken possession under his purchase, without making such purchaser a party to the bill, although it is not shown that the purchaser had paid for the lands, or that he had received a conveyance thereof.

APPEAL from Montgomery Chancery Court.

Heard before Hon. JOHN A. FOSTER.

The bill in this cause was filed by Jason G. Jones, the appellant, on the 10th of March, 1880, against Willis J. Wilson as the administrator of Thomas J. Orme, deceased, Jane C. Orme, the widow of said decedent, and Emily F. Sharpe and others, heirs at law of Josephus P. Sharpe, deceased, for the purpose of having set aside as fraudulent a deed to lands therein described, absolute on its face, reciting a moneyed consideration, which was executed by Thomas J. Orme to Josephus P. Sharpe. At the time the bill was filed the lands were in the possession of Jane C. Orme. The opinion states the case made by the record.

GUNTER & BLAKEY, for appellant.

R. M WILLIAMSON, and J. N. ARRINGTON, *contra.*

(No briefs came to the hands of the reporter.)

STONE, J.—The present bill, filed by a creditor, seeks to set aside as fraudulent, a deed to lands, absolute on its face, made by Orme to Sharpe in 1867. The bill was filed in March, 1880. In 1859, Orme became general administrator of the county, and Jones, the complainant, became one of his sureties. As such surety he was sued on the administration bond, for a *devastavit* and default committed by Orme, his principal, and was forced to pay on said account, during the years 1877 and 1878, the sum of three thousand dollars, or more. Orme is dead, and his estate entirely insolvent. The tract of land, sought to be condemned in this suit, furnishes the only means for Jones' reimbursement. The defense set up by Sharpe's administrator and heirs is a plea of the statute of limitations of ten years since Sharpe became the owner of the land. The chancellor sustained the plea, and dismissed complainant's bill; not on the ground that Jones' claim against Orme was barred as a debt; but on the ground that Sharpe had had the continuous adverse possession of the lands under claim of right, for more than ten years, when this suit was brought. This, it is contended, and was so ruled by the chancellor, vests a good title in Sharpe's

26

heirs, although his purchase and title were fraudulent in their inception. We consider it unnecessary to announce what would be our ruling, if it were shown that Sharpe and those claiming in his right, had been in open and notorious, or, what is the same thing, in independent, adverse possession of the lands, claiming ownership, for ten continuous years before this suit was brought. That is not this case. We have examined the testimony in this cause with great care, and our clear conviction is that there was no real sale from Orme to Sharpe. We think the purpose was to place the title beyond the reach of Orme's creditors, while Orme, all the while, was the real owner, entitled to and enjoying the use, products and profits of the estate. Sharpe never was in possession, never had or exercised dominion or ownership, and hence never held the property adversely to any one. It is manifest to us, that the whole purpose of the conveyance was to create a secret trust for the benefit of Orme, and that, in fact, Sharpe never intended to assert ownership of the property, adverse to the claims of Orme. Such secret trust does not clothe the trustee with any ownership or asserted right, which will uphold a claim of adverse possession.—*Cummings v. McCullough,* 5 Ala. 324; *Patterson v. Campbell,* 9 Ala. 933; *Wiley, Banks & Co. v. Knight,* 27 Ala. 336; *Huggins v. Perrine,* 30 Ala. 396; *Crawford v. Kirksey,* 55 Ala. 282; *Hubbard v. Allen,* 59 Ala. 283; *Sandlin v. Robbins,* 62 Ala. 477; *Sims v. Gaines,* 64 Ala. 392; *Humes, assignee, v. Davis,* at last term; Bump on Fraudulent Conveyances; 39, 212; 1 Amer. Leading Cases, (*Sexton v. Wheaton*), 49 et seq.

The bill in this case seeks to condemn a tract of land of something over eight hundred acres. As to part of the land, the testimony shows that about the year 1868 Sharpe, through Orme, sold a part of the tract to Hood, and Hood took possession under his purchase. It is not shown whether Hood paid for the land, or whether he received a conveyance. Hood was not made a party to this suit. To foreclose his rights, and condemn that part of the tract to sale in payment of Orme's debt, it was necessary to make him a party.—*Hunt v. Acre,* 28 Ala. 580; *Doe ex dem. v. McLoskey,* 1 Ala. 708; *Bryant v. Young,* 21 Ala. 264. Not having made Hood a party, that part of the tract which the proof shows he had purchased, can not be declared subject to complainant's claim. The lands purchased by Hood are the northeast quarter of the southeast quarter of section 1, township 13, range 18, and the northwest quarter of the southwest quarter of section 6, township 13, range 19—in Montgomery county, Alabama.

The decree of the chancellor is reversed, and a decree here rendered, declaring that the complainant is entitled to relief,

and that the deed from Orme to Sharpe, exhibited in the pleadings, was made in secret trust for the benefit of Orme, and with intent to delay, hinder and defraud his creditors. And, with the exception of the lands sold to Hood, above described, said deed is set aside, annulled and vacated.

It is referred to the register to take and state an account of the amount due complainant, with interest thereon to the first day of the next term of the Chancery Court. All other questions are reserved for decree by the chancellor.