OLIVER S. ROBERTS *vs.* EDWIN J. MEDBERY.

Essex.   Nov. 2, 1881. — Jan. 4, 1882.   MORTON & ALLEN, JJ., absent.

Declarations of a seller of a chattel in disparagement of the purchaser's title, made some days after the chattel has been attached as the property of the seller, and while it is in possession of the attaching officer, are inadmissible in an action by the purchaser against the officer for the conversion of the chattel, on the issue whether the sale was fraudulent.

TORT for the conversion of one hundred barrels of cider. The defendant, a deputy sheriff, justified under a writ against John G. Sleeper, upon which he attached the cider as the property of Sleeper.

At the trial in the Superior Court, before *Putnam*, J., the plaintiff offered evidence tending to show that, on October 14,

1880, he bought the cider of Sleeper, paid him for it and received a bill of sale and delivery of the same on that day; and he produced the bill of sale.

Evidence was also introduced tending to show that Sleeper had a verbal lease of the room in which the cider was stored; that the delivery was made in that room; that it remained there until it was sold by the defendant; that the plaintiff notified the lessor of the room, at the time of the delivery, that he had bought the cider and would be responsible for the rent, and the lessor expressed satisfaction and assented to the same; but there was no evidence of any termination of Sleeper's lease.

The defence was that the sale to the plaintiff was in fraud of the creditors of Sleeper. The defendant testified that some days after the attachment, which was made on October 15, 1880, and within a week, Sleeper came to his office, and among other things said, " I understand you have taken my cider."

The judge, at the request of the plaintiff, ruled that the words, " I understand you have taken my cider," were inadmissible in evidence, on the ground that it was a declaration made by Sleeper, after the sale, in disparagement of the plaintiff's title; and instructed the jury not to consider them as evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*D. Peabody*, for the defendant.

*H. F. Hurlburt*, for the plaintiff.

LORD, J. How far the declarations of a former owner and seller of a chattel are in this Commonwealth competent to impeach his sale to the purchaser as fraudulent, is a question which is subject to more apparent than real difficulty. His declarations in disparagement of his grant of real estate are never admissible. *Clarke* v. *Waite*, 12 Mass. 439. *Bridge* v. *Eggleston*, 14 Mass. 245, 250. *Winchester* v. *Charter*, 97 Mass. 140. *Holbrook* v. *Holbrook*, 113 Mass. 74.

Where, however, a party has made conveyance of a personal chattel, his relation to the subject is different. The title to a chattel may pass without any written grant. Mere delivery, for that purpose, passes the title, and the possession of the chattel is in itself, if uncontrolled and unqualified by any evidence, sufficient to prove title in him who has the possession. If the

seller retains possession, his acts and declarations accompanying that possession, and giving character to it, are often competent. *Babb* v. *Clemson*, 10 S. & R. 419. *Willies* v. *Farley*, 3 Car. & P. 395. *Helfrich* v. *Stem*, 17 Penn. St. 143.

But this case has no such element in it. Without regarding the evidence of the plaintiff's actual possession, as he claimed it to be, the cider had been in the actual custody of the officer from three or four days to a week, when the declaration which is offered in evidence was made; and when made, it was merely recital. Whether the phrase used, "I understand you have taken my cider," could be construed as a claim of title to the cider, or whether used for the purpose of identification, is a question of fact, which cannot be passed upon as matter of law; but, in whatever light it is viewed, it is a mere declaration not accompanying any act, and not while he was in possession and the apparent owner of the property, but after he had made a formal delivery of it to another, and when it was in the actual custody of a third party. *Horrigan* v. *Wright*, 4 Allen, 514.

The facts that ordinarily, upon trials in relation to alleged fraudulent conveyances of chattels, both the alleged fraudulent seller and the fraudulent purchaser are witnesses, and that, before the statute allowing parties to testify, the alleged fraudulent seller was almost of necessity called as a witness by the alleged fraudulent purchaser, making his declarations admissible as controlling, modifying or in some manner affecting his testimony in the case, have undoubtedly tended to give an impression that such declarations are of other importance than that of affecting the testimony of the seller as a witness. But we are not aware that the declarations of a seller out of possession have ever been received as affirmative evidence of title in himself against his sale and delivery.          *Exceptions overruled.*