FRANK B. SPEAR v. WILLIAM H. ROOD, GARNISHEE OF JOHN E. WARD.

*Garnishment—Transfer to official bail—Fraud.*

Garnishment process will not reach property transferred absolutely and in good faith by a public officer to a surety on his official bond to enable the latter to secure his own and his principal's liability.

The sufficiency of the consideration for a conveyance may bear on the honesty of the grantor's intent; but excess in value over the amount of consideration is not conclusive evidence of fraud.

Fraud in making a conveyance must be found as a fact before the conveyance can be avoided as fraudulent.

Error to Marquette. (Grant, J.) June 13.—June 22.

GARNISHMENT. Plaintiff brings error. Affirmed.

*Ball & Hanscom* for appellant.

*E. E. Osborn* for appellee. A debtor has the right to prefer one or more of his creditors, and pay them in full to the exclusion of all others: *Clarke v. White* 2 Pet. 178; *Blakey's Appeal* 7 Penn. St. 449; *Uhler v. Maulfair* 23 id. 481; *Hopkins v. Beebe* 26 id. 85; *Nostrand v. Atwood* 19 Pick. 281; *Wakeman v. Grover* 4 Paige 23; *Hollister v. Loud* 2 Mich. 309; transfers of some specific article, or one or more descriptions of property directly to some favored creditor and for his exclusive benefit, are valid even where preferences are forbidden: *Seymour v. Wilson* 19 N. Y. 417; *Hessing v. McCloskey* 37 Ill. 341; *Archer v. O'Brien* 7 Hun 146; *York County Bk. v. Carter* 38 Penn. St. 446; an assignment directly to a particular creditor for the payment or security of his debts is not "an assignment for the benefit of creditors:" *U. S. v. McLellan* 3 Sumn. 345; *Leitch v. Hollister* 4 N. Y. 211; where preferences in assignments are prohibited, the prohibition is confined to cases of general assignments where the preferences are given by the assignment itself and

not extended to specific transfers of property in payment or security of some particular debt: *Meredith Mfg. Co. v. Smith* 8 N. H. 347; *Henshaw v. Sumner* 23 Pick. 446; it is bad faith that makes a conveyance void as to creditors: *Holbird v. Anderson* 5 Term 235; *Wood v. Dixie* 7 Q. B. 892; *Hall v. Arnold* 15 Barb. 599; sureties and endorsers can be preferred as well as actual present creditors: Burrill Assignments, §§ 113–175; *Cunningham v. Freeborn* 11 Wend. 240; *Stevens v. Bell* 6 Mass. 339; *Halsey v. Whitney* 4 Mason 206; *Jewett v. Warren* 12 Mass. 300; *Rice v. Southgate* 16 Gray 142; *Barney v. Grover* 28 Vt. 391; *Kramer v. Bank* 15 Ohio 253; *Uhler v. Semple* 20 N. J. Eq. 288; *Perkins v. Mayfield* 5 Port. 182; *Hawkins v. May* 12 Ala. 673; *Lane v. Sleeper* 18 N. H. 209; *Mc Whorter v. Wright* 5 Ga. 555; *Bellune v. Wallace* 2 Rich. (Law) 80.

CAMPBELL, J. Rood was garnished as holding property belonging to Ward, under the provisions of the garnishee act, which allow persons holding property by assignment in fraud of creditors to be treated as garnishees.

Ward, who was county treasurer of Marquette county, discovering a deficiency in his accounts to the amount of about $18,000, for which he was personally liable, turned over considerable property to Rood, who was a surety on his official bond. The transfers were absolute in form, and no written declaration of trust or defeasance was made, but it was understood to be a transfer to secure Ward's liability, and to enable Rood to provide for his own liability as Ward's surety.

The court below found there was no fraud in fact, and that the consideration was sufficient to uphold the conveyance. In this we can see no legal error. Ward was equitably bound to provide for this deficit, and to do so in such a way as to enable his sureties to be saved from difficulty. They were absolutely bound to the county, and it was right that property should be placed in their hands which they could convert and use to pay the debt. Where there is any considera-

tion of a valuable nature for a conveyance, its sufficiency in point of fact may be evidence on the question of honest intent, but an excess of value over the amount of consideration cannot be conclusive evidence of fraud, which must be found as a fact before the conveyance can be invalidated. There was, in our opinion, abundant evidence of good faith in this transaction, and the finding was warranted by the testimony.

Under the statute of frauds no trust whatever was made to result in this case, and the questions applicable to trusts are foreign to the issue, which was one of fraud or good faith.

We think there is no reason for disturbing the judgment, which must be affirmed with costs.

The other Justices concurred.