CHARLES L. FRASER, ADMINISTRATOR, v. JACOB H. PASSAGE, SARAH ANDRESS, ROBERT CAMPBELL, AND MATIN·V. ELLIOTT.

*Equity—Bill to set aside deed as fraudulent—Parties—Consideration for transfer—Outlawed obligations—Evidence.*

1. Where a bill is filed by the administrator of a grantor to declare a certain deed made by him fraudulent as to his creditors, his grantee who has conveyed the land with covenants of warranty is a necessary party.

2. Circumstances of mere suspicion are not sufficient to warrant the conclusion of fraud.

3. To render a conveyance void for fraud upon creditors, it is neces-

sary that the grantee should have a knowledge of, and in some way participate in, the fraud, and the fact that a portion of the consideration was paid in the *outlawed* obligations of the grantor will not affect the consideration. Such fact, at most, could only be regarded as a circumstance which might arouse suspicion.

4. The fact that a grantee pays less for property than it is worth is not evidence of a fraudulent transfer, unless the price paid is so small as to make the conveyance *substantially* a voluntary one.

Appeal from Emmet. (Ramsdell, J.) Argued October 6, 1886. Decided November 11, 1886.

Bill by administrator to set aside decedent's deed as fraudulent as to creditors. Complainant appeals. Decree dismissing bill affirmed. The facts are stated in the opinion.

*Jay L. Newberry* and *Fred S. Clark* (*Taggart, Wolcott & Ganson,* of counsel), for complainant.

*John G. Hill* (*Oscar Adams,* of counsel), for defendants.

SHERWOOD, J. The bill in this case was filed by the administrator of Perry Andress, deceased, for the purpose of obtaining a decree declaring certain deeds made by the said Perry Andress, in his life-time, and by said defendants Passage, Andress, and Campbell, void as to the creditors of Perry Andress, and requiring the defendants to convey the same to the complainant, in order that he might sell the same, and thereby satisfy the indebtedness against the said estate.

The bill avers that after applying the proceeds of the personal property of the estate to the payment of its debts, there still remains of the claims allowed by the commissioners, unpaid, the sum of about $800; and further avers that shortly before his death the said Perry Andress was in possession of the Occidental Hotel property, in the village of Petoskey, and was the owner of the same, and that on or about the sixteenth day of November, 1880, he, with his wife, Sarah Andress, conveyed the said hotel property to Christopher D. Passage, the consideration stated in the deed

being $5,500, and excepted from the operation of the war-ranty contained in the deed were two mortgages, amounting to the sum of $1,479.

The bill further alleges that said conveyance was made by Perry Andress to defraud his creditors; that the grantee knew that fact at the time, and never paid any part of the consideration named; that on or about the fifteenth day of January, 1881, the said Christopher D. Passage con-veyed, by warranty deed, the said hotel property, for the nominal sum of $5,500, to the defendant Sarah Andress, wife of said deceased, and that said deed was made with the like intent to cheat and defraud the creditors of the said Perry Andress, and that Mrs. Andress never paid any of the consideration mentioned; that on or about the twenty-eighth day of June, 1881, and after the death of her husband, Sarah Andress conveyed the property, by warranty deed, to the defendant Jacob H. Passage, with the like intent to defraud the creditors of her husband, the consideration in said conveyance being $5,000; that Jacob H. Passage and wife conveyed the property by warranty deed, for the consideration of $5,000, to the defendant Robert Campbell on the twenty-seventh day of December, 1881, and that said deed was made for the purpose and intent to de-fraud the creditors of Perry Andress; that on or about the thirty-first day of January, 1881, Perry Andress and wife made and executed a mortgage upon said hotel property to J. R. Carpenter, for the sum of $1,500, to secure the payment of a note for the same amount, payable in three years from date, with interest at 10 per cent.

The bill further alleges that none of the grantees named in said deeds ever paid any consideration therefor, and that all were made for the purpose of aiding Perry Andress to cheat and defraud his creditors; and that all the grantees had knowledge of that fact; and that the indebtedness against the estate was incurred before any of the conveyances were made.

It is further averred that, a short time before the death of Perry, he owned a large amount of personal property in and about the hotel, amounting in value to about $3,000, and that, with the intent to cheat and defraud his creditors, he executed and delivered, without any consideration therefor, a bill of sale of all of said property to the said Jacob H. Passage, and that the defendant Elliott is in possession of the property under a lease of the same, as complainant is informed.

The prayer of the bill asks that all the deeds, including that to Christopher D. Passage, may be declared void as against the creditors of Perry Andress.

The defendants filed their joint and several answer. They admit the death of Perry Andress on the eleventh of March, 1881, and that complainant is administrator of his estate, and administration so far as claimed in the bill.

They admit the several transfers of the hotel property stated in the bill, but deny that any of them were made with fraudulent intent to defeat the claims of creditors, and aver that all were made upon full, complete, and adequate consideration.

The answer also denies, on behalf of Andress and Passage, that complainant ever applied to them, or either of them, for payment of the debts against the Andress estate mentioned in the bill; and prays the benefit of a demurrer.

The cause was heard before Judge Ramsdell at the Emmet circuit, in chancery, upon pleadings and proofs, and the complainant's bill was dismissed. The administrator appeals.

We think the decree of the circuit judge was right.

But two questions are presented for our consideration upon this record. The first is, are all the necessary parties before us? And, second, does the testimony show the conveyance from Perry Andress and his wife to Christopher D. Passage fraudulent as against the creditors of Perry?

We think Christopher D. Passage should have been made a party. The complainant in his bill attacks the validity of the title he received of the property from Andress. The administrator of Andress is making the attack. This he is permitted to do, under the statute. Christopher Passage, it is true, does not now own, or have possession of, the property sought to be subjected to the payment of the estate's debts; but when he parted with the hotel property, by his warranty he guaranteed his grantees against any such claim, and he is therefore interested in now making this defense. In fact, he may be vouched in by his grantee, and be compelled to sustain the entire burden of it. Clearly, one thus interested should be made a party to the bill. This conclusion renders it necessary to affirm the decree.

But we may further say that we have carefully reviewed the record upon the other point, and we fail to find any fraud proved which would invalidate the deed from Andress and wife to Christopher D. Passage; and if there was no fraud in that transfer it is of little consequence upon what consideration, or with what intent, the subsequent deeds were made. In such case it would be wholly immaterial. C. D. Passage's deed cannot be set aside without bringing him before the court, and permitting him to make his defense against the charge of fraud claimed to invalidate it.

Circumstances of mere suspicion are not sufficient to warrant the conclusion of fraud. *Clarke v. White*, 12 Pet. 178; *Buck v. Sherman*, 2 Doug. 182; *Hubbard v. Taylor*, 5 Mich. 155; *Baldwin v. Buckland*, 11 Id. 392.

The proofs relied upon in this case by the complainant cannot be regarded as extending beyond such circumstances.

To render a conveyance void for fraud upon creditors, it is necessary that the grantee should have a knowledge of, and in some way participate in, the fraud. *Magniac v. Thompson*, 7 Pet. 348; *Spring Lake Iron Co. v. Waters*, 50 Mich. 13; *Andrews v. Fillmore*, 46 Id. 315.

All knowledge of the intention of Andress to defraud creditors in conveying his property to Christopher is denied by the latter, who testifies that he gave a good and valuable consideration for the property, stating the amount at $5,900, and also in what the same consisted, and how the payment was made, and we do not think this testimony was impeached by the testimony offered on the part of complainant. That some portion of the payment consisted of the outlawed obligation of Andress did not affect the consideration. No one could object to Andress' paying his honest indebtedness, although six years or sixteen years had expired since its contraction. *French v. Motley,* 63 Me. 326. That fact, at most, could be but regarded as a circumstance which might arouse suspicion.

The defendants being relatives of each other raises no presumption of wrong-doing in cases of this kind, and even as between them fraud must be proved. *Howard v. Rynearson,* 50 Mich. 307; *Curry v. Lloyd,* 22 Fed. Rep. 258; *Hill v. Bowman,* 35 Mich. 191; *Jordan v. White,* 38 Id. 253.

The fact that the price Passage paid for the property was less than the property was worth, while it was a relevant circumstance, if true, was no evidence of fraud, unless it was so small as to make the conveyance substantially a voluntary one, and this certainly cannot be reasonably claimed upon the record. *Spear v. Rood,* 51 Mich. 140. Neither does the fact that Andress resided upon the property after he sold it to Passage, under the circumstances stated, tend to show fraud. *Page v. Kendrick,* 10 Mich. 300; *Every v. Edgerton,* 7 Wend. 259.

It is unnecessary, in the view we take of the case, to consider it further, and the decree will be affirmed, with costs.

The other Justices concurred.