87   315
107   297

**Richmond.**

THORNTON V. GAAR.

January 15, 1891.

1. CHANCERY PRACTICE—*Fraudulent conveyances—Parties—Reversible errors.*—
   In suit to annul a bond and trust deed as fraudulent, it appearing the
   same had been assigned to the grantor's wife, the court, before decree-
   ing on the merits, should require her to be made a party, and the
   failure so to do is reversible error, though the point was not made
   below. *Welsh* v. *Solenberger,* 85 Va., 444.
2. IDEM—*Witnesses.*—In such suit the bond having been assigned to gran-
   tor's wife, he is not a competent witness.
3. IDEM—*Grantor's subsequent declarations—Harmless error.*—In such suit
   declarations of grantor, after executing the deed, cannot be used to im-
   peach it, but where there is other evidence to the same effect, their
   admission is harmless error.

Appeal from decree of circuit court of Greene county, ren-
dered November 14th, 1888, in a cause wherein Tabitha Gaar
and others were complainants, and the appellants, J. L.
Thornton, John M. Shipp, and Joseph A. Mansfield, were de-
fendants. Opinion states the case.

*J. G. & W. W. Field* and *R. S. Thomas,* for the appellants.

*Jas. Hay, R. T. W. Duke* and *Kemper & McMullen,* for the
appellees.

LEWIS, P., delivered the opinion of the court.

On the 26th of September, 1882, the appellant, Jackson L. Thornton, executed a bond for $5,064.64, payable on demand to Joseph A. Mansfield, and on the second day of the ensuing October, he executed a deed of trust on a certain tract of land, situate in Greene county, to secure, first, the said bond, and, secondly, all of his other debts.

The bill charges that the bond was executed without valuable consideration, and that the deed of trust was executed with intent to hinder, delay, and defraud the creditors of the grantor. And the prayer of the bill is that the deed be set aside, and that the bond be declared void. Thornton and Mansfield, and the trustee in the deed, John M. Shipp, are made defendants to the bill, who severally answered, denying the charge of fraud, and calling for strict proof of the allegations of the bill.

Much testimony was taken tending to show that at the time the bond and deed of trust were executed Thornton was financially embarrassed, if not insolvent, and that the bond was not founded upon valuable consideration, but was executed for a tract of land which, more than sixteen years previously, had been *given* by Mansfield to his daughter, the wife of the said Thornton. There was also evidence tending to show that Mansfield, at the time of the transaction in question, had but little means; that his estate consisted of a small tract of poor and unproductive land, in Orange county, and a small amount of personalty, not exceeding in value $500.

Thornton was himself examined as witness, and, in the course of his deposition, disclosed what had not been stated in the answers of the defendants, namely, that the bond had been assigned by Mansfield to Mrs. Thornton. The plaintiffs thereupon excepted to his competency as witness in the case, and the exception was sustained by the circuit court. It was also decreed that the bond was void, and that the deed of trust be set aside, and from this decree the defendants appealed.

Various errors are assigned in the decree, of which the first

is that the circuit court erred in sustaining the exception to
Thornton's competency as a witness. But there is no merit
in this objection. His wife, according to his own statement,
being the assignee of the bond, and, therefore, interested in the
result, he is clearly incompetent as a witness. In this particu-
lar the common law has not been altered by statute in this
State. *Jones* v. *Degge*, 84 Va., 685.

Evidence was also taken to prove certain declarations by
Thornton after the execution of the deed, to the effect that the
bond had been given to cover certain *advancements* made by
Mansfield to his daughter, Mrs. Thornton, the chief of which
was the tract of land above mentioned. And the appellants
contend that such declarations are not admissible to impeach
the deed. As an abstract proposition, this position is well
taken, the rule being that upon the trial of the question whether
a particular conveyance was made to defend creditors, it is not
competent to show the acts or declarations of the grantor after
the conveyance to impair or affect the title of the grantee.
Bump, Fraud. Conveyances (2d ed.), 568; *Holbrook* v. *Holbrook,*
113 Mass., 74; *Clements* v. *Moore*, 6 Wall., 299. But the ques-
tion is of little or no importance in the present case, as
there is evidence, independently of Thornton's declarations,
that the bond was voluntary, and the deed fraudulent. The
trustee, Shipp, testifies substantially to the same effect, and
the circumstances of the case point in the same direction.

We are of opinion, however, that upon it appearing that
the bond had been assigned to Mrs. Thornton, the circuit court,
before decreeing on the merits, ought to have directed that
she be made a party to the suit, in order that a complete de-
cree, binding all persons interested in the subject-matter of the
suit, might have been rendered. It is true no objection for
want of proper parties was taken in the court below. But the
rule is well settled that in such a case the objection may be
taken by the court at the hearing, or even for the first time by

the appellate court. *Jameson's adm'x* v. *Deshields,* 3 Gratt., 4 ; *Lynchburg Iron Co.* v. *Taylor,* 79 Va., 671 ; *Welsh* v. *Solenberger,* 85 Id., 441.

The decree will, therefore, be reversed, and the cause remanded to the circuit court, with directions to cause Mrs. Thornton to be brought before the court in order to a final and complete decree, the appellants to pay the costs of this appeal.

DECREE REVERSED.