W. R. Hill *et al.* v. J. C. B. Lewis *et al.*

CONVEYANCES OF LAND—*Action to Set Aside—Defect of Parties Defendant.*
In an action to set aside certain conveyances of real estate, it was al-
leged that the plaintiffs, L. and husband, owned and resided on a tract
of land as their homestead, and that while so occupying it the husband
executed a conveyance of the same to H., without the consent of his
wife; that subsequently H. and his wife, Lydia H., executed a deed with
the usual covenants of warranty to P. The action to set aside both of
these conveyances was brought against H. and P., without joining as
a defendant Lydia H., one of the grantors of P. *Held*, That she is a
necessary party in the action to cancel the deed in which she joined
as grantor, and that the petition disclosed upon its face a defect of
parties defendant.

*Error from Graham District Court.*

THE opinion states the nature of the action and the mate-
rial facts. Judgment for the plaintiffs, *Lewis* and wife, at the
November term, 1887. The defendants *Hill* and another bring
the case here.

*Tritt & Roberts*, for plaintiffs in error.

*G. W. Jones*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: In this action Nora Lewis joined her hus-
band, J. C. B. Lewis, with her as plaintiff, and asked for the
cancellation of certain conveyances of a quarter-section of
land which they acquired by settlement and improvement un-
der the laws of the United States relating to public lands.

The petition states that Nora Lewis with her husband have
at all times since taking said land resided upon and claimed
the same as their homestead; that J. C. B. Lewis, singly and
without her knowledge or consent, executed and delivered
warranty deeds to W. R. Hill for the land, which deeds have
been duly filed and recorded in the office of the register of
deeds; that W. R. Hill knew at the times the conveyances
were made that Nora and J. C. B. Lewis were husband and

wife, and that they occupied the land as a homestead at and prior to the times the deeds were made; that Nora Lewis did not receive any consideration or part of the purchase-money paid by Hill to J. C. B. Lewis; and that subsequently W. R. Hill and Lydia Hill, his wife, executed and delivered to James P. Pomeroy a warranty deed to the same tract of land, in consideration of the sum of $650. W. R. Hill and James P. Pomeroy were made parties defendant in the action, and the plaintiffs ask that the deeds to W. R. Hill and from W. R. Hill and Lydia Hill to James P. Pomeroy be set aside and canceled, and the title to the land be quieted in the plaintiffs. The defendants demurred to the petition, and one of the grounds of demurrer was that there was a defect of parties defendant. The demurrer was overruled, and the defendants electing to stand on the demurrer, the court entered a judgment canceling the deeds as prayed for.

The demurrer should have been sustained. Lydia Hill joined in the execution of the deed to Pomeroy, and she was not made a party. The deed in which she joined with W. R. Hill contained the usual covenants of warranty, and she will be liable thereon to Pomeroy, if the allegations of the petition are true. The plaintiffs seek to have this deed to Pomeroy canceled and set aside, without having all the parties who joined in its execution and in its covenants before the court. It is the right of Pomeroy, who must ultimately look to the covenants of his grantors, that both of them should be made co-defendants. Lydia Hill is liable on the covenants to the same extent as her husband, and it appears on the face of the petition that she is a necessary party to a complete determination of the controversy. It is certain that the homestead cannot be alienated without the joint consent of the husband and wife, and if the facts alleged are established, the plaintiffs below are entitled to prevail; but before the deeds which they claim to be a cloud upon their title are canceled and set aside, all the parties who joined in the same and who are liable upon the covenants therein should be brought before the court.

For the error in overruling the demurrer, the judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.