## CARTER v. BELT *et al.*

No. 3806.   Opinion Filed April 1, 1913.

**APPEAL AND ERROR—Review—New Trial—Necessity of Motion—Settlement of Case-Made.** When it is essential that the ruling of the trial court be assigned in the motion for a new trial as a ground therefor for the same to be considered on review in this court, and it appears that no motion for a new trial was filed within three days from the rendition of the verdict, and no proper excuse is shown for not so filing same, a new trial will not be awarded in this court on the ground that the trial judge afterwards died and on account of a hiatus in the procedure plaintiff in error was prevented from having the case-made settled and signed preliminary to having the action of the trial court reviewed by proceeding in error.

(Syllabus by the Court.)

*Error from Swanson County Court;*
*Frank P. Cease, Judge.*

Action between D. M. Carter, trading under the firm and style of Manitou Hardware & Implement Company, and R. J. Belt and others. From the judgment, Carter brings error. Dismissed.

*H. P. McGuire,* for plaintiff in error.

*John W. Williams* and *O. B. Riegal,* for defendants in error.

WILLIAMS, J.   The defendants in error move to dismiss this proceeding in error on the grounds (1) that the record attached to the petition in error in this court is neither certified to by the clerk as a transcript nor has the purported case-made been approved by the trial judge, and (2) that the motion for a new trial was not filed within three days after the returning of a verdict.

1. The plaintiff in error admits that he has wholly failed to comply with the law and rules of this court in the matter of the prosecution of this proceeding in error. He attempts to excuse such failure on account of the dissolution of Swanson county by order of the district court of Comanche county, which was

afterwards affirmed on review by this court, and the death of the trial judge. The defendants in error set up in their reply, which is not denied on the part of the plaintiff in error, that the case-made as prepared by the plaintiff in error was served on the attorney of record for the defendants in error on July 7, 1911, prior to the time of the rendition of the judgment dissolving the county of Swanson and the death of Frank P. Cease, its county judge. It is not shown that the plaintiff in error by reasonable diligence, after the service of the said case-made, could not have had the same signed and settled by the trial judge prior to the time of his death.

It appears that the motion for a new trial was not filed within three days from the rendition of the verdict. This was essential, unless the defeated party was unavoidably prevented from so doing. *Riely v. Robertson,* 29 Okla. 181, 115 Pac. 877, and authorities therein cited; *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733. The questions alleged in the petition in error as error on the part of the trial court can be reviewed here only after being raised in the lower court by means of a motion for new trial. *Richardson et vir v. Beidleman et al.,* 33 Okla. 463, 126 Pac. 818.

It is not essential to pass on the other questions raised.

The proceeding in error must be dismissed.

All the Justices concur.