## COSS *et al.* v. STERRITT.

No. 5707. Opinion Filed June 29, 1915.

Opinion on Rehearing, November 9, 1915.

Second Petition for Rehearing Denied December 5, 1915.

(161 Pac. 187.)

1.  **APPEAL AND ERROR—Parties—Necessary Parties—Defendants in Error.** Where a judgment is joint, all persons against whom it is rendered and who would necessarily be affected by a reversal must be served with the case-made, unless the same be waived, and must be given notice of the time and place of settling and signing the case-made, unless the same be waived, or they appear, and must be made parties to the appeal; and when such

presentation is not made and such notice is not given, nor the same waived, nor an appearance, made, and such parties are not made parties to the appeal, this court is without jurisdiction to hear such attempted appeal.

2.  **APPEAL AND ERROR—Record—Objections—Waiver.** After a case-made has been settled and signed, and the time in which an appeal to this court may be taken has expired, a necessary party to the appeal, who was not presented with the case-made within the time fixed by the trial court, and was not given notice of the time and place for settling and signing such case-made, cannot waive such failure to serve case-made and notice of settling and signing same, so as to give this court jurisdiction of such attempted appeal.

(Syllabus by Collier, C.)

*Error from District Court, Murray County;*
*R. McMillan, Judge.*

Action by T. A. Sterritt against Virgil R. Coss and others.  Judgment for plaintiff, and defendants, except defendant Zora Daniel, bring error.  Dismissed.

This is an appeal attempted to be prosecuted by plaintiffs in error from a joint judgment rendered against Zora Daniel and others, to recover certain lands described in the petition, and to remove cloud from title thereto.

On the 29th day of August, 1913, said joint judgment was rendered, and some of the parties plaintiff in error given 60 days in which to prepare and serve case-made in this case.  The case-made was settled and signed by the trial judge on the 14th day of October, 1913; but said case-made was not presented to said Zora Daniel; nor was the notice of the place and time in which said case-made would be settled and signed by the trial judge served upon said Daniel, nor did she appear or waive such notice.  The record also fails to show that summons in error ever issued to or was served upon said Daniel

or that she ever waived the same; nor is said Daniel made a party to this appeal.

On the 15th day of March, 1915, defendant in error filed a motion to dismiss this appeal—

"upon the ground that said Zora Daniel was a party defendant in the trial court, duly served with summons, and was a party to said joint judgment, and is a necessary party to this appeal, and without joining herein the said Zora Daniel, who is a necessary party to this appeal, and she not having been served with the case-made filed herein, and not having waived such service, nor appeared at the signing and settling thereof, and not having been served with summons herein, and the time within which said things must be done having expired, therefore this court has no jurisdiction to hear and determine this cause."

On the 23rd day of April, 1915, more than 18 months after said case-made was settled and signed, there was filed in this court a paper, signed by Zora Daniel, reciting that:

"She hereby enters her general appearance in the above-entitled case and waives the failure to serve upon her the case-made and summons in error, and failure to notify her of the time and place of signing and settling said case-made, and hereby waives any and all informalities and irregularities, if any, in the service, signing, and settling of said case-made and the filing of same, together with the petition in error with the Supreme Court of the state."

*Burwell, Crockett & Johnson,* for plaintiffs in error.

*George M. Nicholson* and *Gray & McVay,* for defendant in error.

Opinion by COLLIER, C. (after stating facts as above). The only question here under review is upon the motion to dismiss this appeal. It is positively shown that

this is an appeal from a joint judgment rendered against said Zora Daniel and others, that she was not presented with the case-made, and no notice was given her of the time and place said case-made would be settled and signed, and that she never appeared or waived such notice, nor was she made a party to this appeal, nor was summons in error issued to or served upon her, nor did she waive any of said requirements; her attempt to waive same 18 months after the case-made was settled and signed being abortive.

In *Southwestern Surety Ins. Co. v. Litty Going et al.,* 48 Okla. 460, 150 Pac. 488, it is held:

"A case-made, settled and signed without service of notice, stating the time and place in which the presiding judge will be asked to settle and sign the same, upon all of the opposite parties, and without their appearance, either in person or by attorney, and without their waiver of such notice, is a nullity, and confers no jurisdiction on this court to decide any question thereunder."

See, also, *Moore v. Howard Mer. Co.,* 40 Okla. 491, 139 Pac. 524.

The attempted correction of the failure to present the said Zora Daniel with said case-made, to give her notice of the time and place at which the case-made herein would be signed and settled, she not having waived the same or made an appearance at the signing and settling of said case-made, and of the failure to make her a party to this appeal, by the said instrument signed by her and filed in this court, cannot avail to overcome said laches of attorneys for plaintiffs in error and give this court jurisdiction to decide any question involved in this attempted appeal.

In *American Nat. Bank of McAlester et al. v. Mergenthaler Linotype Co.,* 31 Okla. 633, 122 Pac. 507, Chief Justice Turner, speaking for the court said:

"The judgment being joint, all persons against whom it was rendered and who would necessarily be affected by a reversal must be made parties to this proceeding. *Wedd v. Gates et al.,* 15 Okla. 602, 82 Pac. 808; *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Weisbender et al. v. School District,* 24 Okla. 173, 103 Pac. 639; *James S. Hughes, Special Adm'r, v. A. L. Rhodes,* 25 Okla. 172, 105 Pac. 650. * * * Being a necessary party to the appeal, he or his attorney should have been served with the case-made or a copy thereof, and, not being so served, we are without jurisdiction to review the judgment complained of. *Humphrey v. Hunt,* 9 Okla. 196, 59 Pac. 971; *Spaulding Manufacturing Co. v. W. H. Dill et al.,* 25 Okla. 395, 106 Pac. 817. Being jurisdictional, it cannot be waived. *Atkins v. Nordyke,* 60 Kan. 354, 56 Pac. 533. For this reason the subsequent amendment by leave of the petition in error so as to make Hinds a party, upon which a summons issued for him which was returned indorsed: 'I, W. G. D. Hinds, the within-named defendant in error, hereby accept service of the within summons in error and do hereby waive formal service of said summons in error upon me by the sheriff, and I do hereby waive all formalities of making and serving case-made upon me, and do hereby consent that the cause may be submitted for trial in the Supreme Court upon petition in error filed by plaintiffs in error and upon original pleadings and other records of the lower court and the evidence taken in the lower court in said cause, all of which are contained in the case-made, and agree that the case may be submitted upon said case-made now filed. W. G. D. Hinds, Defendant in Error. At Muskogee, November 5th, 1909'—availeth nothing."

In *Kansas City, M. & O. Ry. Co. v. Williams,* 33 Okla. 202, 124 Pac. 63, the same doctrine is announced as in

the *American National Bank of McAlester et al. v. Mergenthaler Linotype Co., supra,* wherein it is said:

"And this too, although, as here, after the time for the service of the case-made on McGee, plaintiffs in error have amended their petition in error by making McGee a party defendant in error in this court, and he has entered his appearance and waived service of the case-made, for the reason that a failure to serve the case-made upon McGee within the time allowed defeats the jurisdiction of this court and prevents a review of the judgment, although he subsequently appeared in this court and waived service of the case-made."

It follows that this appeal should be dismissed.

By the Court: It is so ordered.

## On Rehearing.

TURNER, J.   Stating the facts more fully:   On July 1, 1912, T. A. Sterritt, in the district court of Murray county, sued Zora Daniel, Virgil R. Coss, W. D. Smead, E. K. Gaylord, and W. R. Main in ejectment and to clear his title to a certain tract of land described as "The west half of the northeast quarter and the east half of the southeast quarter of the northwest quarter of the northwest quarter of section 27, township 1 south, range 3 east of the Indian base and meridian, containing 100 acres more or less, and being the entire homestead allotment of William Hendrix, Choctaw Indian, being enrolled as less than a half-blood," alleging that he held the legal and equitable title thereto by virtue of a certain warranty deed made, executed, and delivered to him by William Hendrix and Evelina, his wife, on July 27, 1908, but which, he says, by mistake of both parties thereto and the scrivener was made to read, "The east half of the northeast one-fourth," etc., of said section, which land,

he further says, was no part of said allotment and no part of any land belonging to said Hendrix; that the patent to his homestead was at that time duly recorded, and it was the intention of all parties to said deed to thereby convey said homestead to plaintiff; that after said deed was duly recorded, to-wit, on May 8, 1909, defendant Zora Daniel, with knowledge thereof and that the same conveyed or was intended to convey the title to said homestead, procured a deed thereto, as described in said patent, from said Hendrix and wife, and, after mortgaging the same to Coss, who assigned the same to Smead, by warranty deed, on April 15, 1910, conveyed all but 20 acres thereof to defendant Gaylord, who, by his tenant, Main, together with Zora Daniel, is now in possession of said allotment, claiming title. Plaintiff further alleged that, at the time of the execution and delivery to him of said deed, Gaylord had notice of plaintiff's deed from the said Hendrix, and, in effect, that the Daniel deed was procured in fraud of his rights, and that Gaylord, at the time he took his deed, had knowledge of and participated in the fraud. He prayed judgment against each of the defendants for possession and damages for withholding the same, and that all of said deeds to defendants be set aside and canceled as a cloud upon his title. Daniel and Smead made default. Upon issue joined, by answer of the other defendants and reply, there was trial to the court, and judgment for plaintiff granting him sweeping relief and taxing defendants with the costs.

After motion for a new trial filed and overruled, Coss, Gaylord, and Main bring the case here without joining either Zora Daniel or Smead as parties plaintiff or defendant. The cause is now before us on motion to dismiss for want of necessary parties. There can be no

doubt but that this is a joint judgment. *Adams v. Higgins,* 47 Okla. 323, 147 Pac. 1011; *Springfield et al. v. Thompson et al.,* 47 Okla. 565, 149 Pac. 1093; *Boyd et al. v. Robinson et al.,* 47 Okla. 591, 149 Pac. 1146; *Billy v. Unknown Heirs of Gray, Deceased, et al.,* 35 Okla. 430, 130 Pac. 533; *Appleby v. Dowden,* 35 Okla. 706, 132 Pac. 349.

Aside from Smead being a necessary party in the court below, Zora Daniel is a necessary party to this appeal. We say she is a necessary party not only for the reason that her deed from Hendrix and wife, under which she claimed title to all the land in controversy and right of possession to the 20 acres to which she still retained title, had been set aside, but for the further reason that she still retained an interest in that part of the subject-matter of the suit by reason of her covenant of warranty contained in her deed conveying 80 acres thereof to Gaylord. This is in keeping with our holding in *Crow v. Hardridge,* 43 Okla. 463, 143 Pac. 183. There, in the syllabus, we said:

"In a suit to set aside one deed on the ground of the minority of the grantor and for fraud in the grantee, and another on the ground that his grantee took title to the land with knowledge of and participated in the fraud, both the grantor and grantee in the second deed are necessary parties to a suit to clear both deeds as a cloud on plaintiff's title and necessary parties in this court to review a judgment granting such relief."

Being relied on in the briefs, as the soundness of the opinion in that case is assailed on this rehearing, we say that, as the same is in keeping with the best-considered cases, we adhere to it. Whether Zora Daniel is a necessary party either in the trial court or here, turns upon the question whether she has parted with her interest in

the subject-matter of the suit. That she has not is evidenced not only by the fact that at the time of the rendition of the judgment in question she was in possession of 20 acres of the land in controversy, claiming title thereto by virtue of a deed which was set aside, but by the further fact that, as to the remaining 80 acres, in the event her deed conveying the same to Gaylord was set aside, she would be liable to answer to him on her warranty. 16 Cyc. 188, says:

"* * * One who has parted with his interest in the subject-matter must nevertheless be made a party where plaintiff's success in a controversy with his successor would require the adjustment of equities between such former owner and the successor. * * * In order to accomplish the object of completely adjudicating the controversy and of rendering the performance of the decree perfectly safe to those compelled to obey it, it is frequently necessary to bring in as a party one against whom or whose interest plaintiff seeks no relief, but against whom the principal defendant would have a demand in the event of plaintiff's success."

6 Cyc. 322, under the heading of Cancellation of Instruments, says:

"The grantor, if not a plaintiff in the suit, should be joined as defendant. * * * All persons claiming under the deed, or holding the title to a part of the land conveyed, are properly joined, though each defendant may have a separate interest in the fruits of the fraud in which they combined * * *"—citing House v. Mullen, 22 Wall. 42, 22 L. Ed. 838.

In Hannibal & St. J. R. Co. v. Nortoni, 154 Mo. 142, 55 S. W. 220, in the syllabus it is said:

"The maker of a deed which is a fraud on the rights of the true owner is a necessary party, as well as the grantee, in a suit to set it aside."

In *Busby v. Littlefield,* 31 N. H. 193, the bill alleged that plaintiff had conveyed by mistake more land than was intended; that the land had been conveyed by warranty deed from his grantee to a third party and by the latter to defendant, who took with notice of the mistake. The object of the bill was to compel defendant's release. It was held that the warrantors were necessary parties for defendant's protection.

In *Hill v. Lewis,* 45 Kan. 162, 25 Pac. 589, the syllabus reads:

"In an action to set aside certain conveyances of real estate, it was alleged that the plaintiffs, L. and husband, owned and resided on a tract of land as their homestead, and that, while so occupying it, the husband executed a conveyance of the same to H., without the consent of his wife; that subsequently H. and his wife, Lydia H., executed a deed with the mutual covenants of warranty to P. This action to set aside both of these conveyances was brought against H. and P., without joining as a defendant Lydia H., one of the grantors of P. *Held,* that she is a necessary party in the action to cancel the deed in which she joined as grantor, and that the petition disclosed upon its face a defect of parties defendant."

We see no need of multiplying authorities upon a point so well settled. But, see *Florida Land Rock Phosphate Co. v. Anderson,* 50 Fla. 501, 39 South. 392; *Detwiler v. Louison,* 18 Cir. Ct. Rep. 434; *Fraser, Adm'r, v. Passage et al.,* 63 Mich. 551, 30 N. W. 334; *Nouvet v. Heirs of Armant,* 12 La. Ann. 71; *Long v. Barnes,* 13 La. Ann. 392; *Hutchinson v. Johnson,* 19 La. Ann. 141; *Thornton v. Gaar,* 87 Va. 315, 12 S. E. 753; *Henderson v. Henderson,* 9 Grat. (Va.) 394; *Cook v. Lake,* 50 App. Div. 92, 63 N. Y. Supp. 818; *Davis v. Rogers,* 33 Me. 222; *Oliver v. Clifton,* 59 Ark. 187, 26 S. W. 817; *Getzelman*

*v. Blazier,* 112 Ill. App. 648; *Donovan v. Champion et al.,* 85 Fed. 71, 29 C. C. A. 30; *Ayres v. Polsdorfer,* 105 Fed. 737, 45 C. C. A. 24; *Jones v. Wilson,* 69 Ala. 400; *S. Blum & Co. v. Wyly,* 111 La. 1092, 36 South. 202; *Farmers' & Merchants' Bank v. City of Detroit,* 12 Mich. 445; *Pappenheimer v. Roberts,* 24 W. Va. 702; Cancellation of Instruments, 4 R. C. L., sec. 29; 19 Century Digest, Equity, sec. 250.

For the reason that Zora Daniel is not named in the petition in error as either a party plaintiff or defendant in error, and was not served with case-made, as stated in the main opinion, this case is ruled by the Linotype Company case there cited, and Rev. Laws 1910, sec. 6559, has no application.

The original opinion is adhered to, and the cause stands dismissed.

All the Justices concur.