GEORGE A. HOWARD ET AL V. HARRIET RYNEARSON.

*Compensation for support of parents*

| 50 | 307 |
|----|-----|
| 69 | 258 |

| 50 | 307 |
|----|-----|
| 118 | 154 |

| 50 | 307 |
|----|-----|
| s15NW | 486 |
| 130 | 576 |

A conveyance from a father to his daughter cannot be set aside as fraudulent in respect to creditors where the consideration therefor is not apparently excessive and consists of the amount due on a note from him to her, with interest, and embraces her services in their support and her agreement to support them in future.

Where a conveyance is made in consideration of a note due from the grantor to the grantee, it is of little consequence that the note is not surrendered.

Parents have a right, as against creditors, to compensate children for their services in supporting them.

Appeal from Berrien. (A. J. Smith, J.) Apr. 5.—Apr. 11.

BILL to set aside deed. Complainants appeal. Dismissal affirmed.

*James A. Kellogg* for complainants. A deed by which all the debtor's property is withdrawn from his creditors, to provide for his support, or the support of his family, or in trust, is void: *Smith v. Conkwright* 28 Minn. 23; a conveyance by an insolvent of all his estate to his near relative is presumptively fraudulent: *Thomas v. Beck* 39 Conn. 241; in a suspicious case, the grantee, though a near relative must show that a sale in consideration of which the deed was made, was in good faith and the consideration actually paid: *Hammontree v. Lott* 40 Mich 195; and the agreement to repay the money borrowed and to pay for the services rendered, must be unequivocally made out: *Pursel v. Armstrong* 37 Mich. 326; to establish the relation of debtor and creditor between parent and child, there must be evidence that the parties understood that this relation existed and acted accordingly: *Heywood v. Brooks* 47 N. H. 231; *Seavey v. Seavey* 37 N. H. 125; where they live in the same family, a promise by the father to pay his daughter will not be implied unless from special facts: Schouler's Dom. Rel. 272; *Ridgway v. English* 22 N. J. L. 409; *Hart v. Flinn* 36 Ia. 366; and the consideration must be such as can be enforced in a proceeding at law to support the deed: Bump on Fraudulent Conveyances 219; fraud may be inferred from other facts and need not be proved by direct testimony: *Van Wyck v. Seward* 18 Wend. 375; nor is an actually fraudulent design necessary to defeat a voluntary conveyance as against creditors: *Fellows v. Smith* 40 Mich. 689; and a conveyance is fraudulent if the grantor meant to hinder or defraud any of his creditors: *Allen v. Kinyon* 41 Mich. 282; when a conveyance is partly on a valuable consideration and partly voluntary, a court of equity will hold it good as a security for the price actually paid, and void as to the balance: Bump Fraud. Conv. 288; *Herschfeldt v. George* 6 Mich. 464; *Robinson v. Stewart* 10 N. Y. 189.

*O. W. Coolidge* for defendants. A father has a right to prefer his daughter as a creditor, and if he and his wife depend upon her efforts for their support and owe her money, it is proper for them to convey to her as against other creditors, property not exceeding the debt: *Hill v. Bowman* 35 Mich. 191; *People. v. Bristol* id. 28; *Jordan v. White* 38 Mich. 254.

COOLEY, J. The object of this suit is to set aside a conveyance made to defendant by her father, which it is alleged was fraudulent as to his creditors. The land conveyed was subsequently sold on execution, and complainants are the heirs at law of the execution purchaser.

The value of the property conveyed was under a thousand dollars. The father with his wife, both of whom were very old people, was at the time living with and dependent upon the defendant. She was an unmarried woman and supported herself by her labor. The father had for a long time owed her two hundred dollars for money borrowed, and the accruing interest on this debt had increased it to perhaps half the value of the land. This debt and the services she had performed for her parents, together with her agreement to support them afterwards, were the consideration for the conveyance. On the face of the transaction no fraud is apparent. It is said the note was not given up; but this is of little moment, as it was manifestly of no importance to any one after the conveyance had been made. It is also argued that the services performed by the daughter for her parents while they were all living together would not constitute a ground of action or support an implied promise. This is true as a general rule. But in this case the daughter appears to have been the reliance and support of the family for a part of the time at least; and there can be no doubt of the right of the parents to compensate her for her services in their behalf so far as they were able to do so.

We agree with the circuit judge in dismissing the bill. As the merits have been fully determined, there is no rea-

son why the dismissal should be without prejudice. Defendant will recover costs.

The other Justices concurred.