ASAHEL B. SHAY v. AARON R. WHEELER AND ELIZA J. WHEELER.

*Fraudulent conveyances—Inadequacy of consideration.*

1. A debtor is not disqualified from selling his property to one who is aware of his circumstances, and the fact that the compensation is *inadequate* will not be regarded as even a circumstance of fraud, unless it is *grossly* so.

2. On the facts of this case, the sale by a father to his daughter of 25 acres of land occupied as a homestead, and worth $2,500, is held not fraudulent as to creditors.

Error to Washtenaw. (Joslin, J.) Argued February 15, 1888. Decided April 6, 1888.

Bill in aid of execution. Defendants appeal. Decree below reversed and bill dismissed. The facts are stated in the opinion.

*J. W. Babbitt,* for complainant.

*Sawyer & Knowlton,* for defendants.

SHERWOOD, C. J. On the twenty-fourth day of March, 1882, the complainant recovered a judgment against Aaron R. Wheeler and his son, Charles G. Wheeler, for the sum of $474.25, and costs taxed at $24.25. The judgment was taken upon a note made by the father and son to the complainant on the thirtieth day of March, 1879, for the sum of $400, with interest at 8 per cent., which became due in one year after date.

At the time the note was given, the defendant Aaron R. Wheeler owned a homestead consisting of about 25 acres of land situated in the county of Washtenaw, whereon he resided.

Execution was issued on the fifth day of May upon said judgment, and levied upon said property, and the complainant's bill was filed on the twenty-second day of January, 1884, to aid in subjecting this homestead to the payment of complainant's judgment, under the following circumstances:

The defendant Eliza J. Wheeler was the daughter of James Miller, and wife of Charles G. Wheeler. In 1879, about the month of November, Miller held a note against C. G. Wheeler and his father, Aaron, amounting to $963. At this time Aaron had occupied this homestead for many years. The Miller indebtedness had then existed about 10 years, and Mr. Miller made this proposition:

"That if Aaron R. Wheeler would deed said twenty-five acres to the defendant Eliza J. Wheeler, his daughter, he, Miller, would turn out as payment the note of $963 which he held, and advance enough money to make a payment of $1,000; and, in consideration of his so doing, Eliza J. was to give Miller a mortgage on said lands, or a portion thereof, to secure the payment to him of the annual interest on $963 so long as he should live."

The proposition was accepted. The land at that time was regarded by the parties as being worth $1,875, and to make up the balance of $875 over and above the $1,000 paid by her father, Miller, defendant Eliza J. Wheeler gave back her note and a mortgage on the property to Aaron R. Wheeler for the sum of $875. The papers were executed about November 29, 1879, and the deed and mortgages were immediately placed on record. Said 25 acres was all the land Aaron owned at the time of making the conveyance of the same to his daughter, and it is claimed by the complainant that her husband was insolvent, and that the land was worth $4,000. The complainant avers—

"That, in consideration of the premises, the aforesaid acts and deeds of the said Aaron R. Wheeler were made with the intent to hinder, delay, and defraud his creditors of their lawful suits, damages, forfeitures, debts, and demands, and

with the further intent to hinder and delay and defraud the complainant "—

Of his judgment and costs, and that the other defendant has participated in all the said acts and deeds with the like intent to defraud the complainant

The defendants filed their joint and several answer to the complainant's bill, in which they jointly and severally say and aver:

" That they respectively deny each and every allegation in said bill of complaint contained, charging fraud and want of consideration in the transfers therein set forth between the said defendants; that all of such transfers and mortgages were upon good and valuable consideration, and without intent to hinder, delay, or defraud the creditors of the said defendant Aaron R. Wheeler.

" And the said defendants further respectively answer that the value of the lands mentioned in the said bill of complaint as having been conveyed by the said Aaron R. to the said Eliza J. Wheeler, did not, in 1879, exceed the sum of $1,900.

" That at the time of the transfer of the said lands by the said defendant Aaron R. to the said Eliza J. Wheeler, the said lands and premises were owned and occupied by the said defendant Aaron R. Wheeler, as his homestead, and to the amount of $1,500 were exempt from all executions against the said Aaron R. Wheeler, the benefit of which homestead exemption the said defendants respectively claim in this answer; and that if there was any surplus in the value of the said premises over and above $1,500, the exemption limit, there was paid for the same by defendant Eliza J. Wheeler, or by her father for her benefit, to the said Aaron R. Wheeler, full and valuable consideration."

Defendants deny that complainant is entitled to any relief whatever against them or either of them, and pray the benefit of a demurrer.

Proofs were taken before the circuit judge in open court, and on the hearing he made a decree declaring that the deed from Aaron R. Wheeler to his daughter-in-law, Mrs. Wheeler, as against the claim of complainant, must be set aside and

held for naught, and that the land be sold on complainant's execution, and out of the proceeds of the sale $2,460, the value of the homestead and the Miller note, be paid to the defendant Eliza J. Wheeler, who is ordered to pay the costs of the suit to complainant.

From this decree the defendants appeal to this Court.

It is the claim of the defendants—

1. There is no evidence that the deed from Aaron R. Wheeler to Eliza J. Wheeler was made with intent to hinder, delay, or defraud the grantor's creditors.

2. Defendant, in good faith, paid full value for the land; and, in any event, the value thereof does not exceed the amount decreed to be paid defendant in case of sale, or the amount which the court ought to have decreed in her favor; and, under the uncontradicted testimony in the case, no sale should have been decreed.

3. If any sale ought to have been decreed, defendant should have been allowed out of the proceeds of the sale a sum largely in excess of the amount allowed her by the court.

4. Complainant is without equity under the pleadings and proofs.

A person indebted is not thereby disqualified from selling his property to another who is aware of the debtor's circumstances; and where, in making such sale, the compensation is inadequate, it will not be regarded as even a circumstance of fraud, unless it is grossly so. In this case there is no evidence tending to show fraudulent intent, or fraud in fact or law, unless it is found in the inadequacy of consideration. As appears from the facts in the record, a discharge of the grantor's indebtedness to Mr. Miller, and the giving back of the note and mortgage by the grantee for the sum of $875, both amounting to the sum of about $1,900, was the consideration for the deed to Mrs. Wheeler. That this was a part of the consideration is averred in the complainant's bill; and Mrs. Wheeler, when sworn in behalf of complainant, testified that she considered it, at the time she purchased, all the property was worth.

No creditor had or could have any interest in or lien upon the homestead without the consent of the owner. The interest, to the amount of $1,500, was beyond the reach of complainant's execution, under all circumstances, so long as occupied by the owner. He had the right to sell or give it to his children, if he chose; and it was of no concern to the complainant, and he had no right to inquire into it, so long as it was used as a homestead. When Aaron transferred it to his daughter it became her homestead, and it never lost its character as such. But Aaron did not give it to his daughter-in-law. He sold it with the rest of the 25 acres. He took back a mortgage upon it for $875, and received by his note and in money besides, $1,000. She also secured, by mortgage, interest annually to her father on $963 so long as he should live. This by far exceeded the value of the interest in the property which was subject to complainant's execution.

We are satisfied from the proofs that $2,500 was a fair consideration, at the time the bill was filed, for the property, and that Mrs. Wheeler's judgment was not far out of the way when she said:

" In my judgment it was worth, in 1879, $1,875; that was all it was worth."

But if the property was really worth $3,000, aside from the exemption, she gave and secured more than the property was worth; and, while she knew something of the indebtednesss of A. R. Wheeler, she expressly states that the property was not purchased by her with any intention to defraud Aaron's creditors; neither did she know or hear of any such intention on his part.

There is no view we can take of the testimony in this case which will support the decree under the decisions of this Court. See *Howard v. Rynearson,* 50 Mich. 307 (15 N. W. Rep. 486); *Hill v. Bowman,* 35 Id. 191; *Jordan v. White,* 38 Id. 253; *People v. Bristol,* 35 Id. 29; *Brown v. Dean,* 52 Id. 267 (17 N. W. Rep. 837); *Pierce v. Pierce,* 55 Id. 629 (22 N.

W. Rep. 81); *Wheeler v. Wallace,* 53 Id. 355 (19 N. W. Rep. 33); *Darling v. Hurst,* 39 Id. 765; *Roberts v. Miles,* 12 Id. 297; *Brigham v. Fawcett,* 42 Id. 542 (4 N. W. Rep. 272). See, also, Bump, Fraud. Conv. 44; *Wooley v. Drew,* 49 Mich. 290 (13 N. W. Rep. 594); Anson, Cont. 166; *Pulte v. Geller,* 47 Mich. 560 (11 N. W. Rep. 385); *Spear v. Rood,* 51 Id. 141 (16 N. W. Rep. 312).

The decree must be reversed, and complainant's bill dismissed, with costs of both courts.

MORSE, CAMPBELL, and LONG, JJ., concurred. CHAMPLIN, J., did not sit.