HERBERT W. NEWLOVE, SURVIVOR, ETC., v. JOHN CALLAGHAN AND ELIZABETH CALLAGHAN.

[See 86 Mich. 297.]

*Fraud—Evidence—Answer to bill.*

| 86 | 301 |
|---|---|
| 116 | 262 |
| 116 | 263 |

| 86 | 301 |
|---|---|
| 123 | 353 |

| 86 | 301 |
|---|---|
| f140 | ¹433 |

1. A sworn answer is not conclusive, and, while treated as evidence, is subject to the same rules, as to weight, as any other evidence; citing *How v. Camp,* Walk. Ch. 427; *Roberts v. Miles,* 12 Mich. 297, 303.

2. A denial of actual intent to defraud will not avoid the consequences of an act which is in effect a fraud.

Application for rehearing. Submitted June 17, 1891. Denied July 3, 1891.

*Conely, Maybury & Lucking,* for motion.

*Keena & Lightner, contra.*

McGrath, J. Defendants move for a rehearing upon the ground that, defendants' answer being under oath, there was a conclusive showing that the property in question was purchased chiefly with the money of defendant Elizabeth Callaghan.

A sworn answer is not conclusive. It is to be treated as evidence, and is subject to the same rules, as to weight, as any other evidence. In *Roberts v. Miles,* 12 Mich. 297, 303, this Court, referring to a sworn answer, say:

"The answer was not excepted to, but, in considering its value as a piece of testimony, it is to be observed that the object of a discovery is to be informed touching the entire transaction referred to, and a literal denial, which does not deny that the charge may, after all, be substantially true, is in many cases a mere evasion. * * * In chancery, as at law, a case is made out by proof of the substance of an allegation, and if such an answer is to be allowed the usual weight, so far as it goes, it cannot fairly be made to extend beyond its strict language. * * * Since the statute has removed the only reason which ever made a discovery by answer necessary, we think there is no longer any occasion for giving to the evidence of a witness in one shape any more force than it would have in another. * * * We are therefore of opinion that an answer in chancery, responsive to a bill, is now to be regarded as of the same force which it would have were it the defendant's deposition as a witness."

In *How v. Camp,* Walk. Ch. 427, the Court say:

"The denial of fraud by a defendant in his answer is not conclusive upon the court, if the facts and circumstances of the case are such as irresistibly lead the mind to a different conclusion."

The bill in this case sets up that John Callaghan, defendant, purchased the property in question for $2,000; that,—

"With the purpose and intention of defrauding your orators and his other creditors, and for the purpose of hindering and delaying your orators, in the collection of their just claims, and to prevent a levy and sale of said premises under and by virtue of said execution, the said John Callaghan procured and obtained a deed of said premises to be made and delivered to himself and his wife, Elizabeth Callaghan; that the consideration above mentioned was paid by the said John Callaghan, and for the interest and title said deed conveyed to her, the said Elizabeth Callaghan, in said premises, she never paid any consideration whatever."

Defendants join in the answer, and set up that "they jointly purchased;" that "they purchased the same;" that—

"They paid $650 cash on the purchase price, principally of the moneys of said Elizabeth Callaghan, and they jointly gave back a mortgage to the People's Savings Bank for $1,200 on the said lot, and the said $1,200 was used to pay the remainder of the purchase price; that subsequently the said mortgage was paid by these defendants in installments, but principally from the moneys of the said Elizabeth Callaghan; that the said land was not paid for by the said John, nor was the title taken in their joint names to defraud the complainants or anybody, but simply so that the survivor should own the same, as they have no children."

John Callaghan was sworn in behalf of complainant, and is asked what property he owns, and replies, "Four suits of clothes and a black dog," and that he paid nothing for the dog; that for many years he had been in the saloon business, and his wife had been in the grocery business; that they had put the moneys received by them into one bank, in the name of the witness; that from time to time with these moneys they had purchased real estate, and taken the title in their joint names. When counsel sought to examine the witness John Callaghan in relation to this particular property, which was purchased after the debt sought to be collected was con-

tracted, the defendant Elizabeth Callaghan objected, and, when complainant sought to examine Elizabeth, defendant John objected.

According to the answer, the purpose of taking the title in the joints names of the defendants was that the survivor should take; but if any part of the consideration was paid by defendant John Callaghan, the effect was to place that part beyond the reach of process, and that operated as a fraud upon creditors. A denial of actual intent to defraud does not avoid the consequences of an act which is in effect a fraud. The defendants had it in their power to explain fully the transaction in question. They did not attempt to do this, but actually refused so to do. If any part of the consideration was contributed by John Callaghan, his creditors have a right to reach that part. An answer that the consideration was paid by defendants jointly, but "principally from the moneys of the said Elizabeth Callaghan" is evidence, it is true; but, in view of the refusal of defendants to testify as to just how much or what part was paid by Elizabeth, and of the other facts and circumstances in the case, it has little weight. The language used in the answer is evasive rather than responsive, and, in the absence of some further showing, the presumption created by the averments in the deed must prevail.

A rehearing is denied, with costs.

The other Justices concurred.