J. L. PETTYJOHN AND GEORGE W. PETTYJOHN, *Partners*, v. PHILLIP NEWHART.

### No. 546.

1. DEBTOR AND CREDITOR—*Members of Family.* A mother-in-law has the right, as against creditors, to compensate her son-in-law for her board and living expenses, where she lives in his family as a member thereof, without any previous agreement for compensation.

2. AGREEMENT FOR FUTURE SUPPORT— *Consideration Invalid as against Creditors.* A conveyance, a part of the consideration for which is an agreement for future support of the grantor, where such grantor has no other property available for the payment of creditors, should be set aside to the extent of the value of such future support.

Error from Johnson district court ; JOHN T. BURRIS, judge. Opinion filed January 27, 1898. Modified.

THE plaintiffs in error brought a creditor's suit to subject to their judgment against Catherine Cochran certain real estate in Olathe which had been conveyed to her son-in-law, the defendant in error. The following statement of facts is gleaned from the special findings :

The judgment on which the suit was based was recovered January 21, 1892, upon an indebtedness which existed when the conveyance was made, and before the commencement of the present suit execution upon that judgment had been returned unsatisfied. November 14, 1890, Catherine Cochran, then about seventy years old, and so helpless as to require much care and attention, conveyed to the defendant in error the property in controversy, which was all the property she owned and which was worth $5000. The stated consideration was one dollar ; but, in reality, the consideration consisted of the assumption and payment by the grantee of all the grantor's own indebtedness save that to the plaintiffs in error, and all unpaid taxes against the property ; the discharge of two notes given to the grantee by the grantor's sons, upon which she was liable, amounting to $500, and of three other notes, given by her sons to the grantee, upon which she was in no manner liable, amounting to $550 ; the liquidation of an indebtedness of $468 to the grantee for the grantor's board and lodging for the previous three years ; and the grantee's written agreement to provide the grantor with board, clothing, lodging, medical attendance and proper care during the remainder of her life, including medical attendance and care during her last illness, and to give her body proper burial when she should die.

Exclusive of the taxes against the property and of

5—7 KAN. APP.

the $468 for her board and lodging, the grantor's own indebtedness at the time of the conveyance aggregated a little more than $2500, for $1,024.73 of which, judgments had been rendered against her. Her indebtedness to the plaintiffs in error was upon two notes, on which, January 21, 1892, a judgment was rendered for $1,004.20. The defendant in error paid the taxes and the judgments rendered previous to the conveyance; made improvements on the property to the value of $204; took care of the grantor as agreed, until her death in December, 1892, and defrayed the expenses of her funeral, for which, with interest, the court deemed him entitled to $742. The court found the rental value of the property, of which the defendant in error had been in possession since November 14, 1890, to be $1100. This suit was begun on September 3, 1892, and Catherine Cochran having died in December following, her heirs were thereupon made defendants. From the foregoing facts, the court drew the legal conclusions that, while Catherine Cochran had the right to prefer creditors by conveying all her property, she had not the lawful right, while leaving her indebtedness to plaintiffs in error unprovided for, to convey all her property upon the considerations, in part, of her future support and the discharge of the notes due from her sons upon which she was in no manner liable; and that, in so far as the notes upon which she was not liable formed part of the consideration, her conveyance to the defendant in error was fraudulent and void as against the plaintiffs in error, and should be set aside and the property should be ordered sold; but that the payments made by the defendant in error to the grantor's creditors, the notes due him from the grantor herself, the taxes paid by him, improvements

and repairs made, and care and maintenance to the time of the grantor's death, and funeral expenses — aggregating $4220.34, less the rental value of the property, $1100, leaving $3110.34 — constituted a first lien upon the property. The judgment set aside the conveyance and ordered a sale of the property, and ordered that, after payment of costs, the proceeds should go, *first*, to pay the claim of the defendant in error ; *second*, to pay the claim of the plaintiffs in error ; and, *third*, to pay the defendant in error the three notes given by Catherine Cochran's sons.

The seventh finding, referred to in the opinion, was as follows : " On said 14th day of November, 1890, the said Catherine Cochran was indebted to the said Phillip Newhart for boarding and lodging for three years next prior to said date — 156 weeks, at three dollars per week — $468. Said boarding and lodging were furnished without any express promise personally made by said Catherine Cochran to pay for the same."

The plaintiffs in error's motion for a new trial was overruled, and, upon exceptions, they bring the case here.

*F. R. Ogg* and *S. T. Seaton*, for plaintiffs in error.

*J. W. Parker*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : Complaint is made that the seventh finding of fact is not sustained by the evidence. This complaint is directed to that portion of the finding which states that " Catherine Cochran was indebted to Newhart for board and lodging for three years next prior thereto in the sum of $468." The undisputed facts are, that Catherine Cochran boarded with Newhart for 156 weeks next prior to November 14,

1890, and that such board was reasonably worth $468. It is insisted that as the board was furnished without any previous express promise to pay for the same, such charge was not collectable. There is no merit in this contention. If Catherine Cochran resided with Newhart, her son-in-law, as a member of his family, without any express previous promise made to pay for her board, there is no apparent just reason why she should not compensate him if she desired so to do. (*Howard v. Rynearson*, 50 Mich. 307, 15 N. W. Rep. 486.)

The plaintiffs in error contend that the court erred in giving Newhart a first lien upon the property for $3110.34, and in not setting aside, unconditionally, the deed of Catherine Cochran to Newhart as a fraud upon her creditors.

Mrs. Cochran had the right to convey this property to Newhart, subject to the judgments and tax liens, in payment of her indebtedness to him upon the notes and her account for board, and she was not guilty of actual fraud in so disposing of the property.

A debtor in failing circumstances may prefer one or more of his creditors. This is true although it may take all of the debtor's property, and there may be other creditors who get nothing. It is only required that the creditor act with a real view to the securing of his actual debt. (*McDonald v. Gaunt*, 30 Kan. 693, 2 Pac. Rep. 871; *Farlin v. Sook*, 30 id. 401, 1 Pac. Rep. 123; *Bailey v. Kansas Mfg. Co.*, 32 id. 73, 3 Pac. Rep. 756; *National Bank v. Croco*, 46 id. 629, 26 Pac. Rep. 942.) A conveyance made upon a valuable consideration is not presumed to be fraudulent, and the extent of the grantor's indebtedness is wholly immaterial. The creditor who receives a conveyance from his debtor in good faith, and without intent to

defraud other creditors, will be protected as against them, though he had knowledge that the debtor was in failing circumstances. It is wholly immaterial that Newhart, by the exercise of proper care and due diligence, could and would have known of the existence of the debt and claim of J. L. Pettyjohn & Co., at the time and before the execution, delivery and acceptance of the deed, provided he received the conveyance from Mrs. Cochran in good faith and without intent to defraud her other creditors. A creditor has a right to secure his own claim, although he may know by so doing other creditors will lose their claims. In *Schram v. Taylor*, 51 Kan. 547 ( 33 Pac. Rep. 315 ), the court says :

" A creditor who in good faith takes the property of his debtor, at a fair valuation, in payment of an honest debt, is not guilty of defrauding any one ; and the fact that the payment of his debt in this manner may absorb the entire property of the debtor is no evidence of bad faith on the part of the creditor, and it does not necessarily taint the transaction with fraud."

The cases cited by counsel for plaintiff in error are not applicable to the case at bar. They are cases of actual fraud on the part of the grantor, which fraud was known to the grantee, or might have been known to him by the exercise of reasonable diligence. There was no intentional fraud on the part of Mrs. Cochran, the grantor. The defendant in error acted in all respects in entire good faith.

The court included in the defendant in error's prior lien the claim for support, maintenance and care of Catherine Cochran from the 14th day of November, 1890, until the date of her death, and her funeral and burial expenses, all together amounting, with interest, to $742. This was erroneous. This claim for $742 should have been subordinated to the judgment of

the plaintiffs in error, and the judgment of the trial court should be so modified as to order the proceeds of sale to be applied to the payment of the claim of Phillip Newhart in the sum of $3110.34, less the item of $742, which latter item should be paid after the payment of the claim of plaintiffs in error.

The judgment will be modified so as to conform to the views herein expressed, and affirmed as modified. The costs of this proceeding in error will be divided equally.