BARRON *v.* MEYERS.

RECEIVERS — APPOINTMENT — ANSWER — CONCLUSIVENESS — CHAN-
CERY RULE.

 The coming in of a sworn answer is not, under Chancery Rule
 10, conclusive of the right of the circuit court to appoint a
 receiver of property involved in a bill to compel a reconvey-
 ance for fraud.

Appeal from Macomb; Tucker, J.   Submitted February 17, 1905.   (Docket No. 198.)   Decided June 8, 1905.

Bill by Theodore Barron against Addie E. Meyers and M. A. Meyers for the reconveyance of certain property, an accounting, and the appointment of a receiver.   From an order appointing a receiver, defendant appeals.   Affirmed.

*Byron R. Erskine (Varnum J. Bowers,* of counsel), for complainant.

*Seth W. Knight* and *Silas B. Spier,* for defendant.

OSTRANDER, J.  Complainant gave to defendant M. A. Meyers an option in the following form:

" In consideration of $100 cash in hand paid, receipt of which is hereby acknowledged, I grant unto M. A. Meyers, or his assigns, an option to purchase my three-story brick store and office building and appurtenances thereto, which is situated on Gratiot Ave. and Walnut St., Mt. Clemens, Macomb Co., State of Michigan, for the sum of $48,250.  I agree to make deed of general warrantee to M. A. Meyers or his assigns at any time on or before August 15th, 1903, and agree to accept in payment for the above amount $48,250, as follows: $2,400 cash, 50,000 shares of Jubilee Mining Co., Ltd., stock amounting to $4,000; $3,000 in first mortgage bonds of the Interstate Consolidated Mineral Co., said bonds secured by first mortgage on property known as Big Master Mine, amounting to $3,000; 27,500 shares of Interstate Consolidated Mineral Co., stock amounting to $19,250, and the said Meyers agrees further to surrender a note for $1,600 which is held by him, dated June 16th, 1903, payable three months after date, and also to assume payment of a mortgage for $18,000 which now stands against said property, upon the delivery of the above specified certificates of stock, bonds, etc.  I agree to make a deed of general warrantee free from all incumbrances except the above recited mortgage, unto M. A. Meyers or his assigns, and in case this option of purchase is not exercised on or before midnight of August 15th, the same to be null and void and the $100 paid thereon shall be forfeited; but in case the option is exercised then the $100 to apply upon cash payment of $2,400 which is to be made.

" In witness whereby set my hand and seal this 3rd day of August, 1903.

[Signed]    " THEODORE BARRON.

" Witness:
    "―――――――.
    "――――――――." "

The option was exercised and the property exchanged; complainant deeding his real estate to defendant Addie E.

Meyers, who is wife of M. A. Meyers. On August 19, 1904, complainant filed his bill, charging therein that the giving of the option and the trade were induced by the false and fraudulent representations of M. A. Meyers as to the value and situation of the property conveyed to complainant; that defendant Addie E. Meyers paid no consideration for the property deeded to her, and is in no sense a bona fide purchaser thereof, but holds as trustee for her husband. The bill avers the tendering back of the property which complainant received, and a demand for, and refusal of, a reconveyance. The property, reconveyance of which is sought, is described as an office and store building, worth, with the land conveyed, $50,000, and that the annual rents are $4,000. The insolvency of both defendants is charged, upon information and belief. The bill prays a reconveyance to complainant, an accounting, and for a receiver of the property which complainant used to own. Sworn answers were demanded. Defendants filed their several sworn answers, accompanied by affidavits showing the value of the building in question, after the coming in of which, and on September 14, 1904, the court made an order appointing a receiver of the said property, empowered to collect the rents, pay taxes, perfect insurance thereon, and make necessary repairs. From this order, defendant Addie E. Meyers has appealed to this court.

Chancery Rule 10, read in the light of *Roberts* v. *Miles*, 12 Mich. 297, and *Newlove* v. *Callaghan*, 86 Mich. 301, does not make the sworn answers of defendants conclusive. Their force as evidence was matter to be determined by the circuit judge. A careful reading of the bill, the answers, and affidavits has not led to the conclusion that the order appointing a receiver should be set aside.

MOORE, C. J., and CARPENTER, McALVAY, and HOOKER, JJ., concurred.