## JAFFE *v.* ACKERMAN.

1. FRAUDULENT CONVEYANCES—PRIMA FACIE CASE—EVIDENCE.

Creditor, seeking to invoke statutory presumption as to fraudulent conveyances, must show obligation of debtor with judgment rendered thereon, execution returned unsatisfied with levy upon the property in question, together with proof of the conveyance of which complaint is made (3 Comp. Laws 1929, § 14617).

2. BANKRUPTCY—TRUSTEE—FRAUDULENT CONVEYANCES—STATUTES.

Authority for trustee in bankruptcy to maintain a suit to set aside a conveyance in fraud of creditors, must be found in the bankruptcy act and is not dependent upon State statutes providing for bills in aid of execution and judgment creditor's bills (11 USCA, § 75 [a]; 3 Comp. Laws 1929, §§ 14617, 15125 *et seq.*).

3. SAME—TRUSTEE—POWERS OF JUDGMENT CREDITOR.

Under Federal bankruptcy act the trustee has the authority of a creditor armed with process, a creditor who has exhausted his remedy at law, entitling him to maintain a judgment creditor's bill (11 USCA, § 75 [a]; 3 Comp. Laws 1929, § 15125 *et seq.*).

4. SAME—TRUSTEE—BILL IN AID OF EXECUTION.

Federal bankruptcy act does not confer upon trustee the rights, remedies and powers of a creditor who has made a levy upon the land alleged to have been fraudulently conveyed, hence, under trustee's bill seeking to set aside certain conveyances as in fraud of creditors, failure to allege and prove levy essential to maintenance of a bill in aid of execution prevents statutory presumption, created in favor of plaintiff entitled to maintain bill in aid of execution, from arising (11 USCA, § 75 [a]; 3 Comp. Laws 1929, § 14617).

5. FRAUDULENT CONVEYANCES — HUSBAND AND WIFE — BURDEN OF PROOF.

Although transactions between husband and wife should be closely scrutinized when rights of creditors are involved, burden is yet upon him who seeks to set aside a transaction as fraudulent as to creditors even though it be between husband and wife (3 Comp. Laws 1929, § 14617).

6. SAME—HUSBAND AND WIFE—BANKRUPTCY—EVIDENCE.

Conveyance of property by bankrupt to wife some 11 years prior to adjudication in bankruptcy and 6 to 10 years before claims of creditors, represented by trustee, arose *held*, not fraudulent, where there is no proof any creditors existed at time of conveyance, no fraudulent intent is shown to have been present then as to subsequent creditors and creditors represented are not shown to have been injured by bankrupt's acts of ownership subsequent to conveyance to his wife (11 USCA, § 75[a]; 3 Comp. Laws 1929, § 14617).

7. SAME—HUSBAND AND WIFE—BANKRUPTCY—CREDITORS—EVIDENCE.

Trustee in bankruptcy who showed purchase of property with title taken in names of both bankrupt and wife a number of years before claims of creditors, represented by trustee, arose *held*, not to have sustained burden of proof where there is no proof any creditors existed at time of conveyance (11 USCA, § 75 [a]; 3 Comp. Laws 1929, § 14617).

8. SAME—TENANCY BY ENTIRETY—PRESUMPTIONS.

After bankrupt had held land contract vendee interest in property alone, legal title was acquired by bankrupt and wife as tenants by entirety and thereby placed such assets beyond reach of his creditors, it is presumed such property was purchased with assets belonging to debtor, especially where husband and wife have opportunity to explain questioned transactions but refuse to do so (3 Comp. Laws 1929, § 14617).

9. SAME—DEEDS—TRANSFER OF STOCK—FAILURE OF BANKRUPT AND WIFE TO TESTIFY—PRESUMPTIONS.

Deed of realty and transfer of stock of corporation from bankrupt to wife after claims of creditors, represented by trustee in bankruptcy, arose *held*, in fraud of creditors, since, where neither bankrupt nor his wife were sworn in their own defense and failed to produce evidence peculiarly within their knowledge, court is justified in drawing a presumption against them (3 Comp. Laws 1929, § 14617).

10. SAME—CHATTEL MORTGAGES—BANKRUPTCY—EVIDENCE.

In suit by trustee in bankruptcy to set aside transfer of bankrupt's chattels to corporation and chattel mortgage from latter to bankrupt's wife, evidence *held*, insufficient to sustain allegations of bill that such transactions were in fraud of creditors (3 Comp. Laws 1929, § 14617).

11. SAME—JAIL LIMITS BOND—BURDEN OF SHOWING GOOD FAITH—
CONSIDERATION.
    Sheriff, to whom property was conveyed by bankrupt's wife as
    security for jail limits bond, who filed an answer leaving
    plaintiff to his proofs under bill to set aside conveyance as in
    fraud of creditors *held,* to have burden of showing he took in
    good faith and for a valuable consideration (3 Comp. Laws
    1929, § 14617).

Appeal from Wayne; Dingeman (Harry J.), J. Submitted January 5, 1937. (Docket No. 16, Calendar No. 39,215.) Decided April 9, 1937.

Bill by Benjamin Jaffe, trustee in bankruptcy of Marshall C. Ackerman, against Lillian L. Ackerman and others to set aside conveyances of real and personal property, to compel the execution of conveyances and for an injunction. Bill dismissed. Plaintiff appeals. Reversed and decree entered.

*Wynn, Zinn & Freimuth,* for plaintiff.

*Leo Gottfurcht,* for defendants.

CHANDLER, J.    The defendant, Marshall C. Ackerman, was adjudicated a bankrupt on July 27, 1934. The bill of complaint, herein, was filed by the trustee on December 14, 1934, seeking to set aside certain transfers of real and personal property, alleged to have been made in fraud of the bankrupt's creditors.

For several years, the exact number not appearing, the bankrupt had been engaged in the garage business at 8120 Grand River avenue in the city of Detroit. On January 16, 1923, he deeded a portion of the Grand River avenue property to the defendant, Lillian L. Ackerman, his wife. On March 24, 1920, certain real estate was purchased under land contract in the name of the bankrupt and his wife,

it being alleged but not proven, that large payments were made thereon from the funds of the bankrupt after claims of creditors had arisen. By assignment dated January 18, 1926, the bankrupt acquired the vendee's interest in a land contract covering additional property on Grand River avenue. The deed in pursuance thereof was taken in the name of the bankrupt and his wife under date of May 1, 1930. On April 25, 1932 he deeded the balance of the property at 8120 Grand River avenue to his wife. By land contract dated May 23, 1928, he purchased in his own name a tract of land in Oakland county. This contract was substituted by a second contract, dated July 10, 1933, describing the same property, but naming the bankrupt and his wife as vendees. The bill of complaint also alleges fraud in the purchase of a lot in the city of Detroit, but no proof was offered in support of the allegation.

Lillian L. Ackerman conveyed by deed dated July 29, 1932, the property acquired by her under the instruments of January 16, 1923 and April 25, 1932, *supra,* to the defendant, Henry Behrendt, sheriff of Wayne county, as security for a jail limits bond.

A corporation, known as M. C. Ackerman, Inc., was organized on or about February 20, 1930, the corporate name being later changed to Ackerman Motor Sales, Inc. At the time of organization, the bankrupt transferred all his stock, equipment, and tools used by him in the garage business to the corporation in exchange for shares of capital stock, which he transferred to his wife in 1932. Under date of August 4, 1933, Ackerman Motor Sales, Inc., executed a chattel mortgage to Lillian L. Ackerman, covering a portion of the stock, tools and equipment of the corporation. The trustee alleged the formation of the corporation, the transfer of the bankrupt's equipment thereto in exchange for capital

stock, to be in violation of Act No. 223, Pub. Acts 1905 (2 Comp. Laws 1929, § 9545 *et seq.*), and a mere subterfuge for the purpose of defrauding creditors.

The claims of the creditors represented by the trustee arose December 12, 1929, January 29, 1932, April 28, 1932, and January 26, 1933, respectively.

From a decree dismissing the bill for failure to sustain the burden of proof, the trustee appeals.

It is contended by the appellant that by virtue of 3 Comp. Laws 1929, § 14617, he established a *prima facie* case and that the burden was then upon defendants to show the *bona fide* character of the transactions in question. We have uniformly held that before one could seek to invoke the presumption created by the statute, they must show the obligation of the debtor with judgment rendered thereon, execution returned unsatisfied with levy upon the property in question, together with proof of the conveyance of which complaint is made. *Corbett* v. *Williams,* 248 Mich. 541; *Ashbaugh* v. *Sauer,* 268 Mich. 467; *Citizens Industrial Bank* v. *Brummeler,* 274 Mich. 616. We have also held that the authority for a trustee in bankruptcy to maintain a suit to set aside a conveyance in fraud of creditors, must be found in the bankruptcy act itself, and is not dependent upon State statutes providing for bills in aid of execution[*] and judgment creditors' bills.[†] *Allen* v. *Hillman,* 215 Mich. 312. The provisions of the bankruptcy act which are pertinent are 30 U. S. Stat. p. 557 as amended in 1910, 36 U. S. Stat. pp. 838, 840 (11 USCA, § 75[a]).

The rights, powers and remedies of a trustee in bankruptcy were materially enlarged by the amendment of 1910, *supra.* This amendment provides:

---

[*] See 3 Comp. Laws 1929, § 14617.—Reporter.
[†] See 3 Comp. Laws 1929, § 15125 *et seq.*—Reporter.

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

And so the trustee is thereby granted the authority of a creditor "armed with process," a creditor who has exhausted his remedy at law, entitling him to maintain a judgment creditor's bill. *Grand Rapids Trust Co.* v. *Nichols,* 199 Mich. 126; *Courtney* v. *Youngs,* 202 Mich. 384. But the amendment does not also give the trustee the rights, remedies and powers of a creditor who has made a levy upon the land alleged to have been fraudulently conveyed. The levy is essential to the maintenance of a bill in aid of execution. We cannot, by judicial interpretation, extend the rights and remedies of the trustee beyond those expressly conferred upon him by the amendment, *supra.* We are, therefore, constrained to hold that the bill, herein, is not a bill in aid of execution, entitling the trustee to the presumption created by 3 Comp. Laws 1929, § 14617.

Although transactions between husband and wife should be closely scrutinized when the rights of creditors are involved, *Magilavy* v. *Fekete,* 251 Mich. 518, the burden is upon him who seeks to set aside a transaction as fraudulent as to creditors, to adduce evidence in support of his claim, even though the transaction assailed is one between husband and wife. *Darling* v. *Hurst,* 39 Mich. 765; *Peaslee* v. *Collier,* 83 Mich. 549.

Did the trustee sustain the burden thus imposed upon him? The trustee contends that the convey-

ance of January 16, 1923 should be declared fraudulent and submits in support thereof that the bankrupt exercised dominion and ownership over the property subsequent to the conveyance to his wife. The property was assessed in the name of the bankrupt; he sued a former tenant for the rent of the premises for the years 1929 and 1930; the property was leased by him to M. C. Ackerman, Inc., and he collected the rentals; also, he stated in the presence of his wife, and without objection by her, that he was owner of the premises. We are, however, not persuaded that the conveyance in question was fraudulent. There is no proof that creditors existed at the time of the conveyance. It is not shown that the deed was given with the intent to defraud subsequent creditors, and likewise there is no evidence that any of the creditors, represented herein, were injured by the acts of ownership exercised by the bankrupt.

The trustee has also failed to sustain the burden of proof as to the contract of March 24, 1920. A husband may properly purchase land and invest his wife with an interest therein if he has no creditors at the time of the purchase. *Turner* v. *Davidson,* 227 Mich. 459.

We are, however, disposed to hold that the property described by the deed of May 1, 1930 and the contract of July 10, 1933 should be available to satisfy claims of the creditors, and that the trial court was in error in dismissing the bill of complaint. One should not be permitted to create an estate by the entirety, thereby placing the property of the debtor, otherwise available for the satisfaction of his debts, beyond the reach of his creditors, to be held in fraud of their rights. In such instances it should be presumed that the property was purchased with assets

belonging to the debtor. And this is especially true in instances where the husband and wife have an opportunity to explain the questioned transactions but refuse so to do. In *Newlove* v. *Callaghan*, 86 Mich. 297 (24 Am. St. Rep. 123), where property was purchased jointly by husband and wife who jointly paid the purchase price and took title by the entireties it was presumed that the husband supplied one-half of the purchase price. In the case at bar it does not appear that the wife paid any portion of the purchase price and the reasonable inference to be drawn from the testimony is that none was paid and that title was taken by the entirety merely to defeat the creditors. The conclusion here reached is in accord with previous decisions of this court involving similar circumstances. *Michigan Beef & Provision Co.* v. *Coll*, 116 Mich. 261; *Lemerise* v. *Robinson*, 241 Mich. 528. See, also, *First State Bank of Milford* v. *Wallace*, 201 Mich. 673.

We are also of the opinion that the deed of April 25, 1932, and the transfer of stock in Ackerman Motor Sales, Inc., to Lillian L. Ackerman, was a fraud upon the creditors. On application for re-hearing of *Newlove* v. *Callaghan*, 86 Mich. 301, the court said:

"A denial of actual intent to defraud does not avoid the consequences of an act which is in effect a fraud. The defendants had it in their power to explain fully the transaction in question. They did not attempt to do this, but actually refused so to do."

Defendants Marshall C. Ackerman and Lillian L. Ackerman were not sworn in their own defense. Their failure to produce evidence peculiarly within their knowledge justifies the court in drawing a pre-

sumption against them. *Manhard Hardware Co.* v. *Rothschild,* 121 Mich. 657.

We are of the opinion that the plaintiff has failed to sustain the allegations of the bill relative to the transfer of the chattels to M. C. Ackerman, Inc., and the mortgage from the corporation to Lillian L. Ackerman.

The defendant, Henry Behrendt, filed an answer leaving plaintiff to his proof, but did not appear and was not represented at the trial. The burden was upon him to show that he purchased in good faith, and for a valuable consideration. *Schaible* v. *Ardner,* 98 Mich. 70. The deed given by Lillian L. Ackerman to defendant Henry Behrendt, then sheriff of Wayne county, was as collateral security for the acceptance by the sheriff of a jail limits bond. At the time of the filing of the bill of complaint, Thomas Wilcox had succeeded Mr. Behrendt as sheriff of Wayne county. The relief sought against them was the discharge of the lien created by the deed above mentioned. Defendant Thomas C. Wilcox did not appear or answer, and the bill was taken as confessed as to him.

The decree will be reversed and one here entered granting plaintiff the appropriate relief. Plaintiff will recover costs of both courts against defendants Marshall C. Ackerman and Lillian L. Ackerman, but not against defendants Henry Behrendt, Thomas C. Wilcox, or Ackerman Motor Sales, Inc.

Fead, C. J., and Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.

North and Wiest, JJ., concurred in the result.