**NICHOLSON v. SCOTT et ux.**

No. 3434.

District Court, E. D. Michigan, S. D.

May 18, 1943.

Frederick C. Weyher, of Detroit, Mich., for plaintiff.

George Kratchman, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

1. This is an action instituted by the Trustee in Bankruptcy of defendant Charles W. Scott to set aside, as a fraud upon creditors, two conveyances of real estate made by defendant Charles W. Scott prior to his having filed a voluntary petition in bankruptcy and being adjudicated a bankrupt on March 3, 1942. Both defendants reside in this District.

2. Prior to June 22, 1940, defendant Charles W. Scott was the owner of a lot and cottage thereon in Dexter Township, Washtenaw County, Michigan, designated in this proceeding as "Parcel A." On this last mentioned date he signed a quit claim deed of this property, naming Ethel M. Johnson as grantee. On February 1, 1941, this deed was acknowledged and recorded

in Liber 350 of Deeds, page 289, Washtenaw County Records.

3. The said property, "Parcel A", is worth approximately $2,000. At the time of making and recording the quit claim deed this property constituted a homestead, and, as such, carried a $1,500 Michigan statutory exemption from execution by creditors of Charles W. Scott. Section 14608 et seq., Compiled Laws of Michigan for 1929, M.S.A. 27.1572 et seq. The consideration for such deed was satisfaction of (1) a debt of $600 owing by the grantor to the grantee for money loaned and (2) a debt of $300 owing by the grantor for work and labor performed at the cottage by the grantee's former husband, together with the promise of the grantee to work for one year from June, 1940, as housekeeper for the grantor, who was a widower. This latter promise was performed until the defendants were married in November, 1940.

4. Subsequently, this "Parcel A" was sold by defendant Ethel Johnson Scott to a third person, not a party to this action, for $1,900.

5. On May 1, 1941, title to property known as 22852 Cherryhill Road, Dearborn, Michigan, stood in the name of defendant Charles W. Scott, subject to a $4,300 mortgage then under foreclosure. Under Michigan law (1929 Michigan Compiled Laws, Section 13072 et seq., M.S.A. 26.221 et seq.), as against every person except the holder of the mortgage defendant Charles W. Scott's interest in this land was subject to the inchoate dower right of his wife, defendant Ethel Scott. This dower right was a life interest in one-third of the land if she survived her husband, which right could not be barred or released unless she voluntarily executed a deed to the land. On or about May 1, 1941, defendants' interest in this property was deeded by them in exchange for an interest in property known as 5908 Morley Street, Nankin Township, Wayne County, Michigan, designated in this proceeding as "Parcel B." This interest in "Parcel B", being that of land contract vendees, is held by the defendants as tenants by the entireties.

6. The value of "Parcel B" approximately equals the balance due on the land contract, so that the defendants' equity is little, if anything. Since acquisition this property has been defendants' homestead.

7. It apparently is not the Trustee's contention that the exchange of defendants' interest in the Cherryhill property for the interest in the Morley property, "Parcel B," was without fair consideration or intentionally fraudulent as between defendant-husband and the unnamed third person who so exchanged, but rather that placing the land contract purchasers' interest of "Parcel B" in the name of defendant-wife along with that of defendant-husband, as a tenancy by the entireties, was fraudulent, and should be set aside. However, even though we should overlook the fact that defendant-wife furnished some consideration by relinquishing her dower right in the Cherryhill property for which this "Parcel B" was received in exchange, and should remove defendant-wife's name from the title of "Parcel B," and without considering the possibilities of dower or homestead rights in this property, on the record here made by the Trustee there is practically no value to the interest defendant Ethel Scott received nor to defendant Charles Scott's interest in the property which could be made available for this estate. In his brief, the Trustee makes this concession: "If the court feels the bankrupt's equity in 'Parcel B' is not worth prosecuting, the Trustee is willing and will herewith abandon any claim to the same." A proper analysis of this situation prior to suit would have been even more commendable.

8. Debts scheduled in said bankruptcy proceeding totalled $5,503.07, most of which were contracted in 1936 and 1937, one in 1929, and the balance from 1939 to 1941. It is conceded that at the times of the transfers in question defendant Charles W. Scott was insolvent and unable to meet his debts.

9. In proceedings before the Referee in Bankruptcy, the Trustee raised the same charges of fraudulent transfers as here advanced; whereupon the Referee adjourned the bankruptcy hearings to give the Trustee an opportunity to institute this action. Subsequently, hearings were resumed before the Referee, which culminated in the Referee entering a discharge of defendant Charles W. Scott, as a "no asset" bankrupt, on March 19, 1943. To date, no appeal has been taken therefrom.

### Conclusions of Law.

1. This is a plenary suit by a trustee in bankruptcy seeking to set aside transfers allegedly fraudulent as to creditors of the bankrupt under the laws of Michigan, and, as such, this court has jurisdiction thereof. 11 U.S.C.A. § 110, sub. e; Flanders v. Coleman, 1919, 250 U.S. 223, 39 S.

212

Ct. 472, 63 L.Ed. 948; Stellwagen v. Clum, 1918, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507.

■ 2. As to "Parcel B", the transfer, here assailed because the name of defendant-wife was included in the title allegedly without fair consideration moving from her, occurred within one year of filing defendant-husband's petition in bankruptcy, over which controversy this court likewise has jurisdiction under 11 U.S.C.A. § 107, sub e. Flanders v. Coleman, supra; Stellwagen v. Clum, supra.

■ 3. Under Michigan law every conveyance made by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made without a fair consideration, and by Federal statute the same rule applies to transfers made within one year of filing a petition in bankruptcy. Compiled Laws of Michigan for 1929, Section 13395, M.S.A. § 26.884; 11 U.S.C.A. § 107, sub. d (2) (a).

■ 4. Likewise, under Michigan law, every conveyance made with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors, and by Federal statute the same rule applies to transfers made within one year of filing petition in bankruptcy. Compiled Laws of Michigan for 1929, Section 13398, M.S.A. 26.887; 11 U.S.C.A. § 107, sub. d (2) (d).

■ 5. "Fair consideration" is given for property when in exchange for such property as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied. Compiled Laws of Michigan for 1929, Section 13394, M.S.A. 26.883; 11 U.S.C.A. § 107, sub. d (1).

■■ 6. As stated in Jaffe v. Ackerman, 1937, 279 Mich. 304, at page 309, 272 N.W. 685 at page 687: "Although transactions between husband and wife should be closely scrutinized when the rights of creditors are involved, Magilavy v. Fekete, 251 Mich. 518, 232 N.W. 205, the burden is upon him who seeks to set aside a transaction as fraudulent to creditors, to adduce evidence in support of his claim, even though the transaction assailed is one between husband and wife." In Lackawanna Pants Mfg. Co. v. Wiseman, 6 Cir., 1943, 133 F.2d 482, 486, a case wherein a Trustee in Bankruptcy attacked a Michigan transfer as fraudulent, our Circuit Court of Appeals carries this principle further as follows: "It is settled law that fraud is not to be presumed and that something more is required than the mere weight or preponderance of evidence. To establish fraud it is essential that the evidence should be clear, unequivocal and convincing. It must be cogent and leave the mind well satisfied that the allegations are true."

■ 7. A conveyance of land, including a homestead, in payment of a bona fide indebtedness that amounts with the homestead exemption to the entire value of the land, is not without fair consideration, nor is such a conveyance evidence of fraud upon, or intent to defraud, creditors of the grantor, even though the grantee be the grantor's wife or a person who subsequently becomes his wife, and this applies to the conveyance of "Parcel A." Dull v. Merrill, 1888, 69 Mich. 49, 36 N.W. 677; Shay v. Wheeler, 1888, 69 Mich. 254, 37 N.W. 210; Hicks v. McLachlan, 1892, 94 Mich. 278, 53 N.W. 1107.

■ 8. As conceded by the Trustee, there is no showing as to "Parcel B" that defendant-wife received anything of value in exchange for relinquishing her dower interest in the Cherryhill property, and, consequently, the "Parcel B" transfer was not without fair consideration moving from defendant-wife.

■ 9. Upon the record as here made, not only is clear, unequivocal or convincing evidence of a fraudulent intent as to either defendant lacking, but there is no evidence of such intent, and, consequently, I must, and do, decide that no fraudulent intent was proven.

10. It follows that plaintiff's complaint must be dismissed, and judgment to this effect shall be entered accordingly.